NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7126

GERALD F. WARREN,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Gerald F. Warren, of The Dalles, Oregon, pro se.

David S. Silverbrand, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Amanda R. Blackmon, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7126

GERALD F. WARREN,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-3514, Chief Judge William P. Greene, Jr.

_____

DECIDED: January 7, 2010

_____

Before MICHEL, Chief Judge, BRYSON, and DYK, Circuit Judges.

PER CURIAM.

Gerald F. Warren ("Warren") appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans' Appeals ("Board"). The Board denied an earlier effective date for the award of a 100% disability rating for post-traumatic stress disorder ("PTSD"). See Warren v. Shinseki, No. 06-3514, 2009 WL 1363087 (Vet. App. May 18, 2009). Warren presents no issues of statutory or constitutional interpretation that would confer jurisdiction on this court. Accordingly, the appeal must be dismissed.

BACKGROUND

Warren served in the United States Army from March 1969 to December 1970, including service in Vietnam. On August 29, 1985, Warren submitted his first claim before the Department of Veterans Affairs ("VA") for service connection for PTSD. In December 1985, the VA regional office ("RO") awarded him service connection for the PTSD and assigned him a 50% disability rating effective August 29, 1985, the date of his claim. Warren did not appeal this decision, and it became final. In August and December 1987, the RO decided to continue the previously assigned disability rating of 50% due to PTSD, and these decisions also became final after Warren did not appeal.

On May 23, 1990, the VA administered Warren a psychiatric examination and again found that it was appropriate to maintain the 50% rating. Warren submitted additional medical evidence, but in October 1991, the RO sustained the previously assigned rating. Warren appealed the RO's decision, and in January 1997, after extensive procedural development, the VA increased his PTSD rating to 100%, effective May 23, 1990. Claiming that he was entitled to an April 1985 effective date for the 100% rating, Warren appealed to the Board.

The Board found that there was no legal basis for assigning an effective date for the 100% rating prior to May 23, 1990. Under 38 U.S.C. § 5110(a), the effective date of an award of increased disability compensation "shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor." Thus, the Board found that because Warren did not appeal the 1985 and 1987 RO decisions establishing and maintaining his 50% disability rating, his eventual 100% rating could not be traced to those claims, and the effective date for an increased rating

could only be established by a later claim. The Board then determined that May 23, 1990, was the earliest date that could be construed as the date of the filing of an informal claim leading to the 100% rating, and upheld the RO's decision. The Veterans Court affirmed the Board, concluding that its findings were not clearly erroneous. Warren now appeals from that decision.

## DISCUSSION

This court's jurisdiction to review decisions by the Veterans Court is limited. We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court] . . . , and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). We lack the jurisdiction to review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." Id. § 7292(d)(2).

All of Warren's arguments are ultimately directed to his claim that he is entitled to an earlier effective date for his 100% disability rating due to PTSD. A failure to appeal a VA determination bars a claim to an earlier effective date based on that unappealed determination. See Charles v. Shinseki, No. 2009-7024, 2009 WL 4257067, at *2–3 (Fed. Cir. Dec. 1, 2009). Alternatively, Warren claims that another submission (which was not the subject of the earlier VA decisions) constituted an informal claim. The Veterans Court evidently disagreed. The determination of whether a particular document satisfied the requirements for an informal claim is a question of fact. We lack jurisdiction to review such a determination. See Moody v. Principi, 360 F.3d 1306, 1310 (Fed. Cir. 2004). Warren also asserts that the VA failed to provide him with the

congressionally mandated "benefit of the doubt" under 38 U.S.C. § 5107(b) by not awarding him an earlier effective date. The Veterans Court found that under the circumstances of the case, the "approximate balance of positive and negative evidence" required to invoke the statute did not exist. See Warren, 2009 WL 1363087, at *3 (quoting 38 U.S.C. § 5107(b)). This too is a factual issue. Finally, Warren argues that the VA failed to follow through on its duty to assist him in developing his claim under 38 U.S.C. § 5103A(a)(1). The Veterans Court concluded that any alleged failure of the VA to comply with its duty to assist would not have resulted in an earlier effective date for the 100% rating. Warren, 2009 WL 1363087, at *4. This is also a factual determination.

Warren presents additional arguments on appeal, alleging constitutional violations resulting from alleged VA wrongdoing. These arguments are not sufficiently colorable to grant this court jurisdiction. See Helfer v. West, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

Because none of Warren's claims falls within our jurisdiction, we dismiss the appeal for lack of jurisdiction.

COSTS

No costs.