# United States Court of Appeals for the Federal Circuit

2007-7196

VERNON D. WILLIAMS,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Michael P. Toomey, of Sunbury, Pennsylvania, argued for claimant-appellant.

Brian T. Edmunds, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel was Michael S. Dufault, Trial Attorney. Of counsel on the brief was Michael J. Timinski, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Mary J. Schoelen

# United States Court of Appeals for the Federal Circuit

2007-7196

VERNON D. WILLIAMS,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D.,
Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims
in case no. 05-0575, Judge Mary J. Schoelen

_____

DECIDED: April 3, 2008

_____

Before LOURIE, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

CLEVENGER, <u>Senior Circuit Judge</u>

Vernon D. Williams ("Williams") appeals from the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("BVA"). The BVA denied Williams an effective date earlier than May 2, 1994, for the award of a 100 percent disability rating for schizophrenia. We affirm.

I

Williams served on active duty in the United States Army from November 1972 until November 1974. On March 2, 1977, Williams filed an application for compensation

for service connection for a nervous condition with the agency of original jurisdiction, which was the Regional Office ("RO") in Chicago. On April 29, 1977, the RO wrote Williams asking for additional information necessary to process his claim. When the requested information was not supplied, the RO disallowed Williams's claim on June 2, 1977, not on its merits but for failure to have provided information regarding his reserve or retired status. Williams did not receive notice that his claim had been disallowed.

On October 4, 1978, Williams filed with the RO another request for compensation for service connection for the same claim of a nervous condition. By letter dated December 12, 1979, Williams was informed that his claim had been disallowed on the merits after reviewing his medical history on the ground that his nervous condition had first been noted in September 1978, a time too remote from his service to be related thereto. Williams did not appeal this adverse ruling by the RO.

On May 2, 1994, Williams moved to reopen his claim for service connection. When his claim was disallowed, he appealed to the BVA, which ruled in his favor. He was awarded a rating of 100 percent disability for schizophrenia effective May 2, 1994, the date he moved to reopen the claim that had been disallowed on December 12, 1979.

Because Williams was never notified that his March 2, 1977 claim had been disallowed, he considered that claim still open and unadjudicated. He thus considered that the effective date for his disability rating should relate back to the date he filed his original claim. Based on his view of the situation, Williams filed a claim with the RO for the earlier effective date. His claim was denied by letter in May of 2002, and his appeal to the BVA was unsuccessful.

Williams then appealed to the Veterans Court. Under 38 U.S.C. § 5110(a), the effective date of an award based on an original claim cannot be earlier than the date of the application for the original claim. He again argued that without notification to him that his March 2, 1977 claim had been disallowed, it must necessarily remain still pending. A "pending claim" is "[a]n application, formal or informal, which has not been finally adjudicated." 38 C.F.R. § 3.160(c) (2006). Consequently, Williams argued that his 1977 claim was not finally adjudicated and remained pending under section 3.160(c).

The Veterans Court disagreed. When a veteran receives no decision on a claim and then files the same claim again, the Veterans Court has held that the final adjudication of the identical second claim subsumes the initial, identical claim and constitutes a final adjudication of the initial claim as well. The Veterans Court relied on its holding in Ingram v. Nicholson, 20 Vet. App. 156, 164 (2006), that a claim remains open until there is an express adjudication of the claim or an explicit adjudication of a subsequent claim for the same disability. This holding was rephrased in a subsequent, superseding opinion in Ingram v. Nicholson, 21 Vet. App. 232, 243 (2007), as follows: "a reasonably raised claim remains pending until there is either a recognition of the substance of the claim in an RO decision from which a claimant could deduce that the claim was adjudicated or an explicit adjudication of a subsequent 'claim' for the same disability."

Under that holding, the final adjudication of the subsequent, same claim stood as the final adjudication of the initial claim, thus ending its pending status. Because

Williams's claim to the earlier effective date depended on proving that the original 1977 claim never was finally adjudicated and remained pending, the Veterans Court affirmed the BVA's denial of the requested earlier effective date.

III

Williams timely appealed to this court. He contends that the Veterans Court misinterpreted 38 C.F.R. § 3.160(c) and (d), and that under the correct interpretation of the regulations, his 1977 claim remains pending to this day, thus qualifying him for the earlier effective date he seeks. We are authorized to resolve challenges to interpretation of law. See 38 U.S.C. § 7292 (2002).

Section 3.160 of Chapter 38 of the Federal Register relates to the "Status of Claims." Subsection (c) defines "[p]ending claim" as "[a]n application, formal or informal, which has not been finally adjudicated." Subsection (d) defines "[f]inally adjudicated claim" as:

> An application, formal or informal, which has been allowed or disallowed by the agency of original jurisdiction, the action having become final by the expiration of 1 year after the date of notice of an award or disallowance, or by denial on appellate review, whichever is the earlier.

Final adjudication of a claim thus requires allowance or disallowance by the agency of original jurisdiction coupled with notice to the veteran of the agency's decision, with finality of the adjudication occurring one year after the date of the notice of allowance or disallowance. In this case, it is undisputed that Williams's October 4, 1978 claim was finally adjudicated. It is assumed that the agency of original jurisdiction never gave Williams notice of the agency's decision of disallowance, and thus Williams's initial March 2, 1977 claim was a "pending claim" at the time he filed his identical claim on October 4, 1978.

The question of interpretation presented by Williams is whether a finally adjudicated claim on a subsequent identical claim serves as a final adjudication of an earlier pending identical claim. Williams asserts that each claim must be treated separately, and that absent an express final adjudication of a claim, that claim remains pending. The Secretary argues to the contrary that a final adjudication of a claim necessarily constitutes final adjudication of an earlier filed claim for the same disability that was pending at the time of the final adjudication of the later identical claim, and that notice of such final adjudication serves as notice that the earlier identical claim is disallowed.

The express language of the pertinent regulations does not clearly resolve this dispute. Neither party points to any authority beyond the express words of the regulation, and we have found no source of information that contributes to the decision of the interpretative issue before us.

Williams argues that a veteran should have the choice of when to appeal a disallowed claim, and that absent notice of disallowance, the veteran cannot perfect an appeal until such a time that he has received a final disallowance. But Williams recognizes that he was afforded the opportunity for appeal when his identical October 1978 claim was disallowed.

The Secretary argues that Williams was given the opportunity for appeal upon disallowance of the October 1978 claim, which he did not pursue, and that a pending claim for the same alleged disability should be considered finally adjudicated, and hence no longer pending, upon final adjudication of the identical claim. Since Williams

was given notice in October 1978 that his claim was disallowed, the Secretary argues that such notice suffices as notice that his earlier identical claim was also disallowed.

The Veterans Court's decision found support from its earlier holding in Ingram v. Nicholson, 20 Vet. App. at 164, that the pending status of a claim is extinguished when a later claim for the same disability is finally adjudicated. When notice is given of the final adjudication of the later claim, the veteran's right to appeal the disallowance exists. When the veteran prevails on such an appeal, the effective date of his relief relates back to the date of the filing of his original claim.

We agree with the Veterans Court that a subsequent final adjudication of a claim which is identical to a pending claim that had not been finally adjudicated terminates the pending status of the earlier claim. The later disposition, denying the claim on its merits, also decides that the earlier identical claim must fail. The notice given that the later claim has been disallowed informs the veteran that his claim for service connection has failed. This notice affords the veteran the opportunity for appeal to the BVA, and if necessary to the Veterans Court and this court, so that he might demonstrate that his claim for service connection should have been sustained.

We therefore affirm the final judgment of the Veterans Court.

COSTS

No costs.

AFFIRMED