# United States Court of Appeals for the Federal Circuit

2009-7024

EUGENE CHARLES,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

John F. Cameron, Jr., of Montgomery, Alabama, argued for claimant-appellant.

Meredyth Cohen Havasy, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were Michael F. Hertz, Deputy Assistant Attorney General, Jeanne E. Davidson, Director, Martin F. Hockey, Jr., Assistant Director, and Tara J. Kilfoyle, Trial Attorney. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Martie S. Adelman, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Alan G. Lance, Sr.

# United States Court of Appeals for the Federal Circuit

2009-7024

EUGENE CHARLES,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-0020, Judge Alan G. Lance, Sr.

_____

DECIDED:  December 1, 2009

_____

Before GAJARSA, DYK, and MOORE, <u>Circuit Judges</u>.

MOORE, Circuit Judge.

Eugene Charles appeals the decision of the Court of Appeals for Veterans Claims (Veterans Court) affirming the Board of Veterans' Appeals (Board) decision denying Mr. Charles an earlier effective date for service-connected disability benefits. For the reasons discussed below, we vacate and remand.

## BACKGROUND

Mr. Charles served on active duty in the United States Navy from August 7, 1972 to August 30, 1974.  On September 10, 1980, he filed a claim for service-connected benefits for manic depression (1980 Claim).  On October 28, 1980, the Department of Veterans Affairs (VA) regional office (RO) issued a rating decision denying his claim

(1980 Rating Decision). Mr. Charles submitted additional medical evidence, in particular a VA medical certificate dated September 1981 diagnosing him with a paranoid personality disorder. VA did not issue a Supplemental Statement of the Case nor is there any assertion that VA considered this supplemental evidence.

On March 1, 1982, Mr. Charles filed a second claim for benefits for a nerve condition (1982 Claim). RO sent Mr. Charles a letter stating that "[s]ervice connection for nervous condition was previously denied" and informing him that in order to reopen his claim, he "would have to submit evidence not previously considered showing that this condition was incurred in or aggravated by active duty" (1982 Letter).

Thereafter, Mr. Charles submitted additional information to RO, including a third claim[1] and additional medical evidence. On February 5, 1991, Mr. Charles filed a fourth claim (1991 Claim), in which he stated he was filing for service-connected disabilities for a "blood disease and nervous condition" and that a doctor at a VA medical center said he should file this claim.

The record is unclear as to exactly what happened next. In 1995, the Board noted that Mr. Charles' claim file had been lost and rebuilt, and it was "not possible to tell whether [Mr. Charles] was properly notified of the denial" or "what records might have been utilized in this purported denial." The Board further noted that Mr. Charles appeared to have been awarded benefits by the Social Security Administration (SSA). The Board remanded Mr. Charles' claim to RO for further development and its remand order stated that RO should request copies of Mr. Charles' medical records from the

---

[1] The RO interpreted Mr. Charles' third claim (filed June 2, 1983) as a request for non-service connected benefits. In 1984, RO issued a rating decision granting him pension dating back to July 1, 1983.

SSA.  RO did not obtain Mr. Charles' SSA medical records.  Charles v. Peake, No. 06-0200, 2008 U.S. App. Vet. Claims LEXIS 626, *26-27 (May 14, 2008).  On appeal from RO, in 1997, the Board reviewed the evidence in Mr. Charles' file and determined that he had not submitted any new and material evidence.  The Board therefore denied his request to reopen his claim for a psychiatric disorder.

Mr. Charles appealed to the Veterans Court.  In 1998, we invalidated the test for new and material evidence that had been applied by the Board in favor of the standard set forth by VA in 38 C.F.R. § 3.156(a).  Hodge v. West, 155 F.3d 1356, 1363-64 (Fed. Cir. 1998).  Thus, upon a joint motion filed by the parties, the Veterans Court vacated the Board's 1997 decision and remanded for a new determination of whether Mr. Charles had submitted new and material evidence.  On remand, the Board found that "[c]ompetent evidence linking a current psychiatric disability to an acquired in-service psychiatric disability has been presented."  On July 21, 2000, the Board remanded to RO with detailed instructions for further development of Mr. Charles' claim, reminding RO that it should afford the claim expeditious treatment.  On February 21, 2003, RO issued a rating decision granting Mr. Charles a 50% disability rating for his service-connected psychiatric disorder dating back to February 5, 1991 (the date of Mr. Charles' "Statement in Support of a Claim").

Mr. Charles timely submitted a Notice of Disagreement regarding the 2003 Rating Decision, challenging both the rating and the effective date.  RO sent Mr. Charles a Statement of the Case dated June 21, 2004, which indicated that he had been granted a 100% disability rating dating back to February 5, 1991.  RO denied Mr. Charles' request for an earlier effective date.  RO explained that his benefits could not

date back any earlier because his original claim (the 1980 Claim) was final by virtue of the 1980 Rating Decision denying compensation, and his request to reopen that claim was not received until February 5, 1991.

Mr. Charles appealed to the Board. In 2005, the Board denied his request for an effective date earlier than 1991. The Board explained that the benefits could not extend back before the date of a new claim or a claim to reopen. It then determined that Mr. Charles did not have a pending claim or a claim to reopen dated prior to February 5, 1991. With respect to his 1980 Claim, the Board determined that the 1980 Rating Decision became final because Mr. Charles did not appeal. As to the 1982 Claim, the Board interpreted it as a request to reopen his 1980 Claim and concluded that Mr. Charles abandoned the 1982 Claim when he failed to reply to RO's 1982 Letter requesting new evidence. Thus, the Board found that the preponderance of the evidence weighed against Mr. Charles' claim for an effective date earlier than February 5, 1991.

Mr. Charles appealed to the Veterans Court, which affirmed the Board's decision. Charles, 2008 U.S. App. Vet. Claims LEXIS 626. Relevant to this appeal, the Veterans Court agreed with the Board that Mr. Charles abandoned his 1982 Claim by not supplying medical evidence within one year of the date it was requested. Id. at *18-21. The Veterans Court also agreed with the Board that Mr. Charles' 1980 Claim was final. The Veterans Court held that Mr. Charles failed to appeal the 1980 decision and that by abandoning his 1982 Claim he abandoned the 1980 Claim. The Veterans Court recognized that Mr. Charles asserted that he had submitted new evidence within one year of the 1980 Claim, which would render the 1980 Rating Decision nonfinal, and the

government had failed to address or refute that assertion. Id. at *22. The Veterans Court, however, reasoned that the abandonment of the 1982 Claim rendered his prior pending unadjudicated claims final, citing our decision in Williams v. Peake, 521 F.3d 1348, 1350 (Fed. Cir. 2008). Thus, the Veterans Court concluded that there was no clear error in the Board's determination that Mr. Charles was not entitled to an effective date earlier than February 5, 1991. Id. at *24.

Mr. Charles timely appealed to our court. We have jurisdiction to review the Veterans Court's decision under 38 U.S.C. § 7292.

## DISCUSSION

We may review a decision of the Veterans Court to determine the validity of a statute or regulation or any interpretation thereof that was relied on by the Veterans Court in its decision. 38 U.S.C. § 7292(a). Absent a constitutional issue, we cannot review factual determinations or "challenge[s] to a law or regulation as applied to the facts of a particular case." Id. § 7292(d)(2).

Mr. Charles argues that the Veterans Court misinterpreted 38 U.S.C. § 5108 and 38 C.F.R. § 3.158(a) when it concluded that the 1980 Rating Decision was final. 38 U.S.C. § 5108 states that "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim." 38 C.F.R. § 3.158(a) states in relevant part that "where evidence requested in connection with an original claim, a claim for increase or to reopen or for the purpose of determining continued entitlement is not furnished within 1 year after the date of request, the claim will be considered abandoned." Mr. Charles asserts that the 1980 Rating Decision was rendered nonfinal when he

submitted new evidence within his one-year period of appeal. Once RO renders a decision on a claim for benefits, the claimant may appeal by filing a Notice of Disagreement within one year of the mailing date of the decision. 38 U.S.C. § 7105(b)(1). "New and material evidence received prior to the expiration of the appeal period . . . will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period." 38 C.F.R. § 3.156(b). RO must notify the claimant in writing of decisions affecting the payment of benefits or granting relief. 38 C.F.R. § 3.103(f). Among other things, this notice must provide the reason for the decision, summarize the evidence considered, and inform the claimant of the right to appeal. Id.

Mr. Charles asserted—and the government did not refute—that he submitted new evidence within his one-year appeal period. The government never argued below that the evidence was not submitted within the one-year appeal period. In fact, the Veterans Court noted that it "could construe the Secretary's failure to respond to these arguments as a concession of error." Charles, 2008 U.S. App. Vet. Claims LEXIS 626, *22. The government cannot argue for the first time on appeal that the new evidence was not submitted by Mr. Charles within the one-year appeal period—such argument has been waived.[2]

As the government acknowledged, when new evidence is submitted within the appeal period, RO must consider it and prepare a Supplemental Statement of the Case.

---

[2] The government moves to supplement the joint appendix with evidence which it claims would support its new argument that Mr. Charles may not have submitted the new evidence within the one-year time period. As the government waived this argument by failing to raise it in the proceedings below, we deny the motion to supplement the joint appendix.

Oral Argument at 16:48-17:02, 18:41-18:50. It is undisputed that RO did not do this with regard to the new evidence that was submitted following the 1980 Rating Decision. Because new evidence was submitted within one year of the 1980 Rating Decision, Mr. Charles' 1980 Rating Decision did not become final by his failure to appeal within one year. See Muehl v. West, 13 Vet. App. 159, 161-62 (1999) (concluding that where new evidence was received within the appeal period, RO's decision was not a final decision, and the new evidence should have been considered in conjunction with the original claim).

The government asserts, and the Veterans Court found, that the 1980 Rating Decision became final when Mr. Charles abandoned his 1982 Claim by failing to present new evidence within one year of the VA request. The question of interpretation presented in this case is whether a subsequent claim that is abandoned renders an earlier pending claim also abandoned. This situation is markedly different from that in which a later-filed claim is adjudicated on the merits. As we explained in Williams v. Peake, "a reasonably raised claim remains pending until there is either a recognition of the substance of the claim in an RO decision from which a claimant could deduce that the claim was adjudicated or an explicit adjudication of a subsequent 'claim' for the same disability." 521 F.3d at 1350 (quoting Ingram v. Nicholson, 21 Vet. App. 232, 243 (2007)). Thus, when the substance of a later-filed claim is addressed in an RO decision, the claimant can infer that the earlier-filed claim based on the same disability has also been adjudicated. Id. When a later-filed claim is abandoned, it does not have the same effect. "[U]nlike an adjudicated claim, where a decision has been rendered and notice of that decision has been provided to the claimant, an abandoned claim has

not been adjudicated and no specific notice has been provided to the claimant that his claim might be or even has been considered abandoned for failure to timely provide information." Charles v. Shinseki, No. 06-20, Order Denying Motion for Reconsideration (Kasold, J., dissenting) (Vet. App. Aug. 29, 2008). We conclude that the Veterans Court misinterpreted 38 C.F.R. § 3.158 when it determined that Mr. Charles' 1980 claim was finally denied. Abandonment of a non-final and non-appealable later claim cannot render final an unadjudicated earlier claim in which the agency failed to act.[3] Neither 38 U.S.C. § 5108 nor 38 C.F.R. § 3.158 can be interpreted as requiring a veteran to submit new and material evidence in order to reopen a pending, unadjudicated claim.

In view of our decision that a later abandoned claim cannot render final an earlier-filed unadjudicated claim, we need not reach the issue of whether the time limits under 38 U.S.C. §§ 5102 and 5103 and 38 C.F.R. §§ 3.109 and 3.158 are subject to equitable tolling. Because the 1980 claim was not final, all subsequent claims, correspondence, and medical evidence are part of that claim for consideration by VA. Oral Argument at 29:05-41 (government acknowledges that all subsequent filings would be additional evidence to be considered part of the 1980 claim if it is still pending). Hence, Mr. Charles does not need to prevail on his tolling argument in order to have the subsequent evidence considered by VA. We also need not address whether VA breached its duty to assist Mr. Charles.

---

[3] The government concedes that the 1982 claim was non-final and non-appealable.

CONCLUSION

For the foregoing reasons, we vacate the decision of the Veterans Court and remand to the Veterans Court with instructions to remand to the Board, and with further instructions for the Board to remand to RO to determine whether Mr. Charles is entitled to an effective date prior to February 5, 1991. On remand, RO must consider all evidence of record dating back to Mr. Charles' original claim. In addition, RO should request and consider Mr. Charles' SSA medical records, as initially required by the Board's 1995 remand order.

<u>VACATED and REMANDED</u>