# United States Court of Appeals for the Federal Circuit

---

**CLABON JONES,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2009-7128

---

Appeal from the United States Court of Appeals for Veterans Claims in 06-2036, Judge Robert N. Davis.

---

Decided: September 14, 2010

---

KENNETH M. CARPENTER, Carpenter, Chartered, of Topeka, Kansas argued for claimant-appellant.

SCOTT D. AUSTIN, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy

Assistant General Counsel, and JAMIE L. MUELLER, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

---

Before RADER, *Chief Judge*, NEWMAN, and PLAGER, *Circuit Judges*.

PLAGER , *Circuit Judge*.

This is a veterans benefits case. Since 1997, Clabon Jones has been receiving benefits for a service-connected post-traumatic stress disorder ("PTSD"), with a 100% disability rating. Prior to that, he had been awarded service-connected benefits for PTSD rated at 50% disabling with a 1989 effective date. Mr. Jones asserts that he is entitled to an earlier effective date for PTSD based on a claim filed in 1973, which he alleges was still pending when his claim was later reopened.

The Board of Veterans' Appeals ("Board") denied Mr. Jones's claim for an earlier effective date; the Court of Appeals for Veterans Claims ("Veterans Court") affirmed. The Veterans Court acknowledged that the 1973 claim remained pending for several years because the Department of Veterans Affairs ("VA") failed to respond when Mr. Jones appealed the decision by the regional office ("RO") denying that claim. However, the Veterans Court held that the 1973 claim was effectively resolved by a 1986 Board decision denying service connection for PTSD, and thus the 1973 claim was no longer pending in 1989 when Mr. Jones requested that the VA reopen his claim. We agree with the Veterans Court and therefore affirm the judgment denying an earlier effective date.

BACKGROUND

Mr. Jones served on active duty in the United States Army from August 1969 to March 1971. In September 1973, Mr. Jones filed a claim for a service-connected illness for "nerves." The Houston RO denied his claim in February 1974. Mr. Jones filed a March 1974 statement in support of his claim and requested that the RO consider the statement to be a "notice of disagreement" ("NOD") and "a claim for re-evaluation for my nervous condition." Between April 1974 and January 1977, the RO issued a series of deferred and confirmed ratings decisions, eventually denying service connection for a nervous condition. The RO, however, never issued the statutorily-required Statement of the Case ("SOC") in response to Mr. Jones's March 1974 statement, denominated by him as an "NOD." *See* 35 U.S.C. § 7105(d)(1).

In July 1983, Mr. Jones requested that his claim be reopened specifically for PTSD. The RO reopened his claim but denied service connection for PTSD. Mr. Jones did not appeal that decision.

Mr. Jones again requested that his claim be reopened, and the RO in June 1985 again denied service connection for PTSD. In November 1985, after receiving VA hospital records, the RO continued the previous denial of service connection for a nervous condition.

Mr. Jones appealed the June 1985 and November 1985 RO decisions to the Board. In November 1986, the Board denied service connection for a nervous condition, including PTSD. The Board stated in its decision that new and material evidence had not been added to the record since the RO's denial of Mr. Jones's claim in 1977. Nevertheless, the Board reviewed all the evidence of

record, including service medical records, and considered Mr. Jones's claim on the merits.

In January 1987, Mr. Jones again requested that his claim for a nervous condition be reopened. The RO denied service connection, and Mr. Jones appealed to the Board. In February 1988, the Board again found that service connection for a nervous disorder, including PTSD, was not established.

Mr. Jones requested that his claim be reopened again in May 1989. The RO denied his PTSD claim in November 1989 and, after receiving correspondence from Mr. Jones's personal physician, confirmed the denial in a January 1990 decision. Mr. Jones filed an appeal with the Board.

In February 1991, a VA medical examiner diagnosed Mr. Jones with PTSD. The Board subsequently remanded his PTSD claim to the RO for further development. The RO continued to deny the claim, but in October 1995 the Board reversed and awarded service connection for PTSD. The RO then evaluated Mr. Jones's PTSD as 50% disabling with an effective date of May 1989, the date of Mr. Jones's request to reopen his claim. The RO later awarded Mr. Jones an increased rating of 100% effective March 1997, the date of a comprehensive VA medical examination to determine the full extent of his PTSD.

Mr. Jones disagreed with the May 1989 effective date and appealed to the Board. In July 1998, the Board denied an effective date earlier than May 1989 for PTSD. Mr. Jones appealed to the Veterans Court, which granted a joint motion to vacate the Board's decision and remand for further consideration of entitlement to an earlier effective date for service connection for PTSD. After

various appeals and remands for reconsideration of Mr. Jones's claim in view of, among other things, the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096, the Board in March 2006 again denied an effective date for PTSD earlier than May 1989.

One of Mr. Jones's arguments was that he was entitled to an earlier effective date because the RO's February 1974 decision denying his original September 1973 claim was not final. He argued specifically that the September 1973 claim remained open because the RO failed to provide an SOC in response to Mr. Jones's March 1974 statement, which should have been construed as an NOD. The Board acknowledged the argument, but concluded that the February 1974 RO decision was rendered final when it was subsumed by the 1986 Board decision, which "addressed all the evidence of record at the time, and made, essentially, a merits determination." *In re Jones*, No. 96-51 818, slip op. at 14 (Bd. Vet. App. Mar. 16, 2006) ("*2006 Board Decision*").

Mr. Jones appealed to the Veterans Court. That court initially affirmed the March 2006 Board decision in a single-judge decision. That decision was later withdrawn when the court assigned the case to a three-judge panel specifically to consider whether Mr. Jones's 1973 claim was resolved by the 1986 Board decision. The panel issued a new decision in June 2009, affirming the March 2006 Board decision that denied an effective date earlier than May 1989. *Jones v. Shinseki*, 23 Vet. App. 122 (2009).

In its opinion the court cited *Williams v. Peake*, 521 F.3d 1348, 1350 (Fed. Cir. 2008), for the proposition that later adjudication of a claim having substantially the same substance as a pending claim resolves the pending

claim. Mr. Jones argued that his case was distinguishable from *Williams* and similar Veterans Court cases because his original claim was pending in appellate status, not, as was the case in *Williams*, before the RO. The Veterans Court, though acknowledging the difference, extended the holding of *Williams* to Mr. Jones's case.

Thus, according to the Veterans Court, while a later RO decision could not resolve Mr. Jones's original claim that had been placed in appellate status by virtue of the 1974 NOD, an *appellate* adjudication of a subsequent claim for the same or similar disability could resolve the earlier claim. Because the 1986 Board decision denied service connection for a nervous condition including PTSD, it terminated Mr. Jones's original 1973 claim for nerves. Accordingly, the Veterans Court concluded that Mr. Jones was not entitled to an effective date prior to May 1989, the date of the request to reopen his claim that ultimately resulted in an award of service connection benefits.

Mr. Jones appeals the question of law. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## DISCUSSION

As a general proposition, the law regarding the effective date of an award of service connection benefits is well-understood. The effective date of an award of benefits based on an original claim cannot be earlier than the date that the VA received the claim. *See* 38 U.S.C. § 5110(a); *Adams v. Shinseki*, 568 F.3d 956, 960 (Fed. Cir. 2009). For an award based on a claim reopened after a final adjudication, the effective date is typically the date that the request to reopen was filed. *See* 38 U.S.C.

§ 5110(a); *Adams*, 568 F.3d at 960. A claim for benefits remains pending until it is finally adjudicated. 38 C.F.R. § 3.160(c); *Adams*, 568 F.3d at 960. If a claim is left pending without a final adjudication, the claim may be addressed when a subsequent claim is adjudicated by the VA, in which case the effective date for any resulting award of benefits will be the effective date applicable to the earlier claim. *Adams*, 568 F.3d at 960 (citing *Myers v. Principi*, 16 Vet. App. 228, 236 (2002)).

In this case, Mr. Jones received an award of service-connected benefits for PTSD with an effective date of May 1989, the date of his last request to reopen his claim. Mr. Jones alleges that he is entitled instead to an effective date of September 1973, the date of his original claim. His theory is that the original claim was still pending when the Board awarded benefits based on his 1989 request to reopen his claim. He disagrees with the conclusion reached by the Veterans Court that the 1986 Board decision was a final adjudication of the 1973 claim.

According to Mr. Jones, the applicable legal rule is that established by the Veterans Court in *Myers v. Principi*, 16 Vet. App. 228 (2002). In that case, the RO denied the veteran's claim for service connection in 1958. *Id.* at 229. The veteran thereafter submitted a document that the VA failed to recognize and properly treat as an NOD. *Id.* Decades later, the veteran attempted to reopen his claim, and the Board eventually granted him service connection benefits effective as of the date that he requested reopening of his claim. *Id.* at 230.

Upon review of the Board's decision, the Veterans Court in *Myers* held that the 1958 RO decision never became final because the VA failed to provide the veteran with an SOC after his claim was placed in appellate

status by the NOD. *Id.* at 235. As a result, the original 1958 claim was "part of the current claim stream," and the Board decision awarding benefits was a final resolution of the appeal from the original claim. *Id.* at 236. In other words, the original claim remained in appellate status until it was resolved by the Board's decision on the reopened claim granting benefits, the effective date of which should then have related back to the original claim.

We agree with Mr. Jones that *Myers* states a rule applicable to his case, but we also agree with the Government that, contrary to Mr. Jones's position, the Veterans Court decision in this case is not inconsistent with *Myers*. Neither party disputes that, as in *Myers*, Mr. Jones's original 1973 claim was left pending in appellate status when the VA failed to file an SOC in response to the 1974 NOD. But Mr. Jones appears to argue that, under *Myers*, a claim pending in appellate status can only be resolved by a later Board decision that grants service connection after the claim is reopened, and not by a Board decision that denies service connection. In our view that is a distinction without a difference. A decision by the Board denying benefits is as much a final adjudication of a claim as a decision by the Board granting benefits. Therefore, a claim pending in appellate status may be resolved by a final Board decision that addresses the merits of the pending claim, whether it results in a grant or denial of benefits.

This conclusion is consistent with the line of authority relied on by the Veterans Court in this case, including *Adams v. Shinseki*, 568 F.3d 956 (Fed. Cir. 2009), and *Williams v. Peake*, 521 F.3d 1348 (Fed. Cir. 2008). These cases establish that under appropriate circumstances, a pending claim for benefits can be resolved by later adjudication of an identical claim or a related claim because the

later decision provides sufficient notice to the claimant that the pending claim has been finally resolved. One such circumstance is illustrated by our decision in *Adams*. The veteran in that case filed two claims closely associated in substance and time, but the VA denied only one of the claims explicitly. *Adams*, 568 F.3d at 963-64. Under the "implicit denial rule," the second claim was also deemed denied because the VA's decision gave the veteran reasonable notice that related claims were being denied. *Id.*; *see also Munro v. Shinseki*, 2010 WL 3064301, at *3-5 (Fed. Cir. Aug. 6, 2010) (discussing "implicit denial" cases); *Deshotel v. Nicholson*, 457 F.3d 1258, 1261 (Fed. Cir. 2006) (holding that decision granting service connection for head trauma implicitly denied simultaneous claim for psychiatric condition).

In *Williams*, we applied a variation of the rule to hold that "a subsequent final adjudication of a claim which is identical to a pending claim that had not been finally adjudicated terminates the pending status of the earlier claim." 521 F.3d at 1351. In that case, the veteran did not receive notice that the RO had denied his initial claim for a nervous condition. *Id.* at 1349. In a subsequent final decision, the RO denied on the merits a second claim for the same disability. *Id.* When the VA granted service connection many years later based on a reopened claim, the veteran alleged that he was entitled to an earlier effective date relating back to his initial claim, which he argued had not been finally adjudicated. *Id.* We affirmed the Veterans Court's determination that the initial claim did not remain pending because the RO's denial of the second claim terminated the pending status of any identical pending claims. *Id.* at 1351.

The case before us is quite similar to *Williams*, but with the one difference noted by the Veterans Court.

*Williams* involved a claim that was left pending before the RO and was later resolved by the RO's denial of an identical claim. Here Mr. Jones's initial claim was left pending because the VA failed to issue an SOC; the legal question presented is whether a subsequent *Board* decision denying an identical claim serves as a final adjudication of a claim pending in appellate status.

Mr. Jones argues that the Veterans Court erred in applying *Williams* in the appellate context. We disagree. The key question is whether sufficient notice has been provided so that a veteran would know, or reasonably can be expected to understand, that he will not be awarded benefits for the disability asserted in his pending claim, and thus can decide for himself whether to accept the decision or seek redress elsewhere. *See Adams*, 568 F.3d at 965 ("[T]he implicit denial rule is, at bottom, a notice provision."); *Williams*, 521 F.3d at 1351 ("The notice given that the later claim has been disallowed informs the veteran that his claim for service connection has failed."). If a veteran has a claim pending in appellate status, a decision by the Board denying a subsequent identical claim effectively informs him that the earlier claim also has been disallowed by the Board on appeal. This is a logical extension of *Williams* because the veteran receives sufficient notice regarding the appellate disposition of his pending claim.

Mr. Jones further argues that the Veterans Court erred in finding that the 1986 Board decision actually resolved the 1973 claim. Though Mr. Jones now concedes that the 1986 Board decision denying service connection for a nervous condition including PTSD involved the same disability as his 1973 claim for "nerves," he asserts that the 1986 decision did not consider the merits of the 1973 claim. Instead, he contends that the Board in 1986 only

determined that there had been no new and material evidence added to the record since 1977 to warrant reopening his claim.

Whether the 1986 Board decision addressed the merits of Mr. Jones's original 1973 claim would seem to be a factual issue that lies beyond the scope of our review. *See* 38 U.S.C. § 7292(d)(2). Nevertheless, we note that the Board in 2006 explicitly found that "the 1986 Board decision addressed all the evidence of record at the time, and made, essentially, a merits determination." *2006 Board Decision*, slip op. at 14. Furthermore, the record supports this finding. The Board's 1986 decision detailed all the evidence of record, including Mr. Jones's service medical records and other medical records from 1973 that predated his original claim. While the Board also stated that evidence received since 1977 had not added anything new or material to the record, the Board in 1986 clearly reviewed the entire record and addressed the merits of Mr. Jones's claim for a nervous condition. As the Veterans Court found, "the Board's 1986 decision was sufficient to put Mr. Jones on notice that his 1973 claim for VA benefits for 'nerves'—which until that time had remained pending by virtue of its appellate status—was being denied." *Jones*, 23 Vet. App. at 125.

For the foregoing reasons, we hold that the Veterans Court correctly determined that Mr. Jones's 1973 claim was resolved by the 1986 Board decision. We therefore affirm the judgment of the Veterans Court denying an effective date earlier than 1989.

**AFFIRMED**

## Costs

Each party shall bear its own costs.