BARTLEY, Judge,
dissenting:
I respectfully dissent because the majority wrongly limits the effect of 38 C.F.R. § 3.156(b) and the Board’s failure to address whether § 3.156(b) warrants an earlier effective date of benefits prejudiced Mr. Beraud. Section 3.156(b), “Pending claim, ” indicates that pendency of a claim continues until the requisite new and material evidence is considered. Here, the veteran’s Naval Reserve medical records referenced in his 1985 submission appear to be yet unobtained. See R. at 1852-53 (1990 rating decision showing that the new evidence considered consisted solely of 1989 VA outpatient reports, with no Reserve records mentioned). Because § 3.156(b) was reasonably raised by the veteran’s 1985 submission but not addressed by the Board when it determined the veteran’s effective date of benefits, the Court should remand the matter for the Board to consider whether § 3.156(b) applies.
This Court recognizes § 3.156(b) as “a veteran-friendly provision that allows for the assignment of an effective date of the date of the original claim when certain requirements are met.” Young v. Shinseki, 22 Vet.App. 461, 469 (2009) (citing 72 Fed.Reg. 28,778 (May 22, 2007)). The Federal Circuit has made clear that § 3.156(b) requires VA to “assess any evidence submitted during the relevant period and make a determination whether it constitutes new and material evidence relating to the old claim.” Bond v. Shinseki, 659 F.3d 1362, 1367 (Fed.Cir.2011). In Voracek v. Nicholson, the Federal Circuit additionally concluded that the regulation requires VA to assess whether the newly submitted evidence “and evidence incorporated therein by reference qualify as ‘material’ ” to the original claim. 421 F.3d 1299, 1303 (Fed.Cir.2005) (emphasis added). Here, Mr. Beraud’s submission, received within the one-year appeal period following the November 1985 RO decision and referencing the location of his Naval Reserve service records, obligated the Board to address whether that submission and any evidence incorporated therein by reference meet the requirements of § 3.156(b) and would result in an earlier effective date of *323 benefits. The Board did not fulfill this obligation.
Section 3.156(b) emphasizes that whether pendency continues depends on whether a decision issued subsequent to the submission of the new and material evidence considered the new evidence:
New and material evidence received pri- or to the expiration of the appeal period, or prior to the appellate decision if a timely appeal has been filed (including evidence received prior to an appellate decision and referred to the agency of original jurisdiction by the Board of Veterans Appeals without consideration in that decision in accordance with the provisions of [38 C.F.R.] § 20.1304(b)(1) of this chapter), will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period.
38 C.F.R. § 3.156(b) (2012) (emphasis added). Consideration of the new and material evidence is crucial and the regulation indicates that pendency continues, despite the existence of a Board denial subsequent to the submission of the new and material evidence, if the Board did not evaluate that evidence. See King v. Shinseki, 23 Vet.App. 464, 467 (2010) (concluding that if “new and material evidence had been submitted and had not been acted upon, Mr. King’s claim could still be pending until a decision had been made on that evidence ” (emphasis added)). The majority fails to account for § 3.156(b)’s emphasis on continuing pendency until consideration of the new evidence and fails to acknowledge the potential effect of this emphasis in Mr. Beraud’s case, where it appears that his 1985 submission was neither initially nor subsequently considered.
The majority attempts to stretch the presumption referred to in Gonzales, that “absent specific evidence indicating otherwise ” evidence undisputedly in the record “must be presumed to have been reviewed by [VA],” to cover Mr. Beraud’s case. See ante note 4, (quoting Gonzales v. West, 218 F.3d 1378, 1381 (Fed.Cir.2000)) (emphasis added). However, even at the time of the 1990 RO denial, Mr. Beraud’s Naval Reserve service records apparently had not been obtained and were not in the record. This distinguishes Gonzales from the present case and rebuts any “presumption of review” that might arise. Because Vora-cek interpreted § 3.156(b) as requiring VA to consider the materiality of any evidence incorporated by reference into Mr. Beraud’s 1985 submission, VA’s failure to do so is a violation of § 3.156(b) and not merely a failure to fulfill the duty to assist, as the majority asserts.
More generally, the majority asserts that “ ‘a subsequent final adjudication of a claim which is identical to a pending claim that had not been finally adjudicated terminates the pending status of the earlier claim.’ ” Ante at 318 (quoting Williams v. Peake, 521 F.3d 1348, 1351 (Fed.Cir.2008), and citing Ingram v. Nicholson, 21 Vet.App. 232, 243 (2007)). However, that principle is unpersuasive because Mr. Beraud’s claim for an earlier effective date involves a specific regulation, § 3.156(b), that requires continued pendency of a claim, even where there is a subsequent final denial, if the evidence has not been considered by the adjudicating or appellate body. 38 C.F.R. § 3.156(b). Williams and Ingram focused broadly on whether VA’s failure to explicitly deny a claim or notify the veteran of the denial might allow the claim to remain pending. Those cases do not determine the outcome in Mr. Beraud’s earlier-effective-date claim, which involves interpreting the effect of § 3.156(b) where VA never acted on or considered his 1985 submission. Therefore, affirmance of the Board decision based on Williams and Ingram is illfounded. The Court should hold *324 that under § 3.156(b), when an appellant submits evidence before the expiration of the appeal period, or before the appellate decision issues if a timely appeal has been filed, finality accrues only when VA considers that submission and the evidence incorporated therein. The pendency of a claim, the finality of which § 3.156(b) abates if there is submission of new and material evidence during the appeal period, should not be terminated by an intervening RO decision that likewise fails to consider that evidence — such an outcome defeats the apparent purpose of the regulation.
Finally, apart from an unsound interpretation of the effect of § 3.156(b), the majority fails to acknowledge Federal Circuit caselaw that, at a minimum, requires remand for VA to search for Mr. Beraud’s Naval Reserve medical records. In McGee v. Peake, the Federal Circuit reversed this Court and held that the Board had erred by failing to seek service department records that might establish an earlier effective date of benefits. 511 F.3d 1352, 1358 (Fed.Cir.2008). The Federal Circuit concluded that VA was obligated to search for service department records that might have been generated pursuant to a title 10 provision because that provision was “relevant” and 38 U.S.C. § 7104(a) requires the Board to base its decisions on “relevant provisions of law.” Id. The Federal Circuit noted that in claims for disability compensation, “Congress requires the VA to obtain ‘[t]he claimant’s service medical records and, if the claimant has furnished the Secretary information sufficient to locate such records, other relevant records pertaining to the claimant’s active military, naval, or air service that are held or maintained by a governmental entity.’ ” 511 F.3d at 1357 (quoting 38 U.S.C. § 5103A(c)(l)). As in McGee, in Mr. Beraud’s case a unique provision, § 3.156(b), appears to apply and might afford Mr. Beraud an earlier effective date of benefits. Therefore, the Board was obligated to address § 3.156(a) and perform any development necessary to determine the proper effective date of benefits, consistent with the duty to consider all relevant provisions of law under section 7104(a) and the duty to obtain relevant records related to service under section 5103A(c)(l).
The majority allows the Board to avoid its responsibility to make factual and legal findings necessary for a full and complete decision. As noted earlier, the Board decision is devoid of any mention of § 3.156(b) — the Board failed to make findings concerning whether Mr. Beraud’s 1985 submission qualifies as new and material evidence or whether the 1990 denial affects the application of § 3.156(b). It is not appropriate for this Court to make such determinations in the first instance. See Hensley v. West, 212 F.3d 1255, 1263 (Fed.Cir.2000); Buie v. Shinseki, 24 Vet.App. 242, 247 (2010). At the very least, the Board’s failure to consider and discuss § 3.156(b), and make the factual findings required by that regulation, rendered the Board’s statement of reasons or bases for its decision inadequate. See 38 U.S.C. § 7104(a) (requiring the Board to consider and discuss all “applicable” provisions of law and regulation); Payne v. Derwinski, 1 Vet.App. 85, 87 (1990) (“The [Board] is not free to ignore regulations which the VA has adopted. Once a veteran raises a ... claim to which a regulation could reasonably apply, the [Board] must apply that regulation or give the reasons and bases explaining why it is not applicable.”).
Therefore, I respectfully dissent.