LOURIE, Circuit Judge,
dissenting.
I respectfully dissent from the panel majority’s decision to reverse the decision of the Veterans Court, which affirmed the decision of the Board that held that Ber-aud was not entitled to an effective date prior to August 27, 2004, for service connection for migraine headaches. See Ber-aud v. Shinseki, 26 Vet.App. 313 (2013). Because I believe that the Veterans Court did not err in its interpretation of our prior case law, I would affirm the decision of the Veterans Court.
Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We generally lack jurisdiction to review challenges to the Board’s factual determinations or to any application of law to fact. See, e.g., Johnson v. Derwinski, 949 F.2d 394, 395 (Fed.Cir.1991). Our jurisdiction in this case is limited to review of whether the Veterans Court properly interpreted this court’s holdings in Williams v. Peake, 521 F.3d 1348 (Fed.Cir.2008), and Bond v. Shinseki, 659 F.3d 1362, 1367 (Fed.Cir.2011), in the context of 38 C.F.R. § 3.156(b). In my view, Williams is not undermined by Bond, and Williams should control in this case.
In Williams, we determined that an initial claim remained pending due to a lack of notice that the claim was disallowed, but we held that final adjudication of an identical second claim terminated the initial claim. 521 F.3d at 1349-50. We held that “a subsequent final adjudication of a claim which is identical to a pending claim that had not been finally adjudicated terminates the pending status of the earlier claim.” Id. at 1351. We reasoned that the “notice given that the later claim has been disallowed informs the veteran that his claim for service connection has failed,” and “[t]his notice affords the veteran the opportunity for appeal to the [Board], and *1408 if necessary to the Veterans Court and this court.” Id.
Although Williams did not concern finality in the context of § 3.156(b), there is no reason to limit Williams to cases involving notice errors, and our cases have not limited Williams in such a way. See Charles v. Shinseki, 587 F.3d 1318, 1323 (Fed.Cir.2009) (holding that in the context of § 3.156(b), an original claim that remains unadjudicated as a result of evidence submitted within one year of the original claim is not rendered final as a result of an identical later-filed abandoned claim because, unlike in Williams, the later-filed abandoned claim has not been adjudicated on the merits); see also Jones v. Shinseki, 619 F.3d 1368, 1373 (Fed.Cir. 2010) (It is a “logical extension of Williams ” that “[i]f a veteran has a claim pending in appellate status” due to the VA’s failure to issue a statement of the case, then “a decision by the Board denying a subsequent identical claim effectively informs him that the earlier claim also has been disallowed by the Board on appeal.”).
In Bond, decided three years after Williams, we held that the VA was required to determine if a submission filed during the appeal period under § 3.156(b) constituted new and material evidence relating to a pending claim, even if that submission is also treated as an increased rating claim. 659 F.3d at 1367-68. We-recognized that “[bjecause § 3.156(b) requires that the VA treat new and material evidence as if it was filed in connection with the pending claim, the VA must assess any evidence submitted during the relevant period and make a determination as to whether it constitutes new and material evidence relating to the old claim.” Id. at 1367. We declined to presume that the VA considered and rejected evidence submitted by the veteran. Id. at 1368. But, unlike in Williams, Bond did not include a later claim whose resolution terminated the initial claim.
I would hold that the Veterans Court thus did not err in concluding that, under Williams, any pending, unadjudicated claim is terminated by a subsequent adjudication on the merits of the same claim. The panel majority incorrectly holds that Bond “controls the outcome of this case.” Maj. Op. at 1405-06. Bond undisputedly requires that the VA make a determination with respect to evidence under § 3.156(b), but nowhere does Bond either explicitly or implicitly carve out an exception to Williams for § 3.156(b). Bond does not involve a second claim that terminated an initial claim, and the final adjudication of an identical second claim is central to the finality holding in Williams. In Bond, we declined to presume that the VA considered and rejected evidence submitted by the veteran, 659 F.3d at 1368, but that presumption can be applied in cases in which there is a subsequent final adjudication of an identical second claim. That second claim gives the veteran the opportunity to raise the issue of evidence that was not previously considered.
The majority expresses the concern that affirming the Veterans Court would allow the VA to effectively disregard the requirement of § 3.156(b). Maj. Op. at 1406. That concern, however, is misplaced. First, as previously noted, the veteran has the opportunity to have a second identical claim adjudicated. Second, we have previously held that an alleged failure, in a final decision, to address all matters before the VA or to apply all applicable laws does not prevent the adjudication from becoming final. See Bingham v. Nicholson, 421 F.3d 1346, 1349 (Fed.Cir.2005) (holding that the Board’s failure to consider presumptive eligibility in an earlier adjudication of a claim did not vitiate the finality of that earlier decision). Instead, the VA’s *1409 failure to consider all aspects of a claim “‘is properly challenged through a [clear and unmistakable error] motion.’ ” Id. (quoting Andrews v. Nicholson, 421 F.3d 1278, 1281 (Fed.Cir.2005)); see also 38 U.S.C. § 7111(a) (providing for revision of final decisions based upon clear and unmistakable error).
Reversing here has the potential to reopen determinations that were closed by final decisions that were adjudicated on the merits. Thus, for the foregoing reasons, I respectfully dissent from the panel majority’s decision reversing the decision of the Veterans Court.