NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANNY O. JELKS,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-1020

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-1896, Judge Margaret C. Bartley.

---

Decided: February 8, 2016

---

DANNY O. JELKS, Birmingham, AL, pro se.

KRISTIN MCGRORY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; SAMANTHA ANN SYVERSON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge,* NEWMAN and LOURIE,
*Circuit Judges*.

PER CURIAM.

Danny O. Jelks ("Jelks") appeals from the decision of
the United States Court of Appeals for Veterans Claims
("Veterans Court") affirming the decision of the Board of
Veterans' Appeals ("Board") that denied entitlement to an
effective date prior to February 11, 2003 for service con-
nection for degenerative disc disease ("DDD") with thora-
columbar scoliosis. *See Jelks v. McDonald*, No. 14-1896,
2015 WL 4591686 (Vet. App. July 30, 2015) ("*Opinion*").
Because Jelks' arguments on appeal only challenge factu-
al findings and an application of law to the facts of his
case, we *dismiss* for lack of jurisdiction.

## BACKGROUND

Jelks served on active duty in the U.S. Army from
June 1977 to November 1980 and from September 1981 to
December 1985. In January 1990, he filed a claim at the
Department of Veterans Affairs ("VA") for disability
benefits for a "back injury." *Opinion*, 2015 WL 4591686,
at *1. A VA Regional Office ("RO") denied the claim in
April 1990, and Jelks appealed to the Board.

In November 1990, the Board found that Jelks suf-
fered from "congenital scoliosis of the thoracolumbar
spine" and that "a chronic back disorder was not incurred
in or aggravated by the veteran's active service." Resp't's
App. ("R.A.") 40. The Board therefore denied service
connection for thoracolumbar scoliosis. R.A. 41. Jelks did
not timely appeal from that decision, which then became
final.

Subsequently, in December 1994 and July 2001, Jelks
sought to reopen the previously denied claim, but the RO
denied his requests in April 1995 and August 2001, re-

spectively. R.A. 32. Jelks did not appeal from those decisions, which also became final.

On February 11, 2003, Jelks filed another request to reopen his claim for "a back condition originally diagnosed as scoliosis." *Opinion*, 2015 WL 4591686, at *1. After further development of the record, in April 2009, the Board awarded service connection for DDD with thoracolumbar scoliosis. In May 2009, the RO implemented the Board decision and assigned an effective date of February 11, 2003, the date of the request to reopen the claim.

Jelks disagreed with the assigned effective date and appealed to the Board. Before the Board, he testified that he initially filed a claim for service connection for his back condition in 1986, while being treated at a VA facility and within one year from the date of his discharge from service. *Id.* He thus argued to the Board that his claim had remained pending since 1986.

In May 2014, the Board denied entitlement to an effective date prior to February 11, 2003 for service connection for DDD with thoracolumbar scoliosis. R.A. 25–35. The Board determined that February 11, 2003 was the date when Jelks filed the claim that ultimately led to the grant of service-connected benefits for his back disorder, and that his January 1990, December 1994, and July 2001 claims were all denied by final decisions. The Board acknowledged Jelks' allegation that he filed a claim for disability benefits in 1986, but found no record evidence indicating that such an alleged claim was ever filed. R.A. 33. The Board also reasoned that, even assuming that Jelks had filed such a claim in 1986, the subsequent 1990 decision denying his claim for service connection for a back injury would have terminated the pending status of any such alleged prior claim. R.A. 33–34 (citing *Williams v. Peake*, 521 F.3d 1348, 1350–51 (Fed. Cir. 2008)).

Jelks then appealed to the Veterans Court. Before the Veterans Court, he argued that he "filed his *original*

service connection claim in January 1990," R.A. 18 (emphasis added), and that his initial claim was for a "back injury," whereas the November 1990 Board decision denied disability benefits only for thoracolumbar scoliosis, *Opinion*, 2015 WL 4591686, at *2. He thus asserted that his initial claim for benefits for a back disability other than thoracolumbar scoliosis remained pending and was not adjudicated until the April 2009 award of service connection for DDD with thoracolumbar scoliosis. *Id.*

In July 2015, the Veterans Court affirmed the Board decision denying an effective date prior to February 11, 2003 for service connection for DDD with thoracolumbar scoliosis. *Id.* at *4. The court found no clear error in the Board's factual findings relating to the effective date. The court also found that, even assuming that Jelks had been led to believe that the VA had bifurcated his initial claim for benefits for a back injury into two claims—one for thoracolumbar scoliosis and one for a more general back disability—the express language of the November 1990 Board decision was sufficient to inform him that both claims were denied and that no part of his back injury claim remained pending and unadjudicated. *Id.* at *3.

The Veterans Court accordingly entered judgment in August 2015. Jelks appealed to this court, seeking to invoke our jurisdiction pursuant to 38 U.S.C. § 7292(a).

DISCUSSION

The scope of our review in an appeal from a Veterans Court decision is limited. We may review a Veterans Court decision with respect to the validity of a decision on a rule of law or the validity or interpretation of any statute or regulation that was relied upon by the Veterans Court in making the decision. 38 U.S.C. § 7292(a). Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Jelks argues that the VA has "kept some of my medical records hidden and . . . those records will clearly help me substantiate my claim." Appellant's Informal Br. 1. He alleges that the VA intentionally withheld his medical records for the period between 1986 and 1990 and altered other records in his file. He also alleges that the VA concealed evidence of a claim for service connection for his back condition that he allegedly filed in 1986. Additionally, he appears to ask this court to review the effective date for a disability claim relating to his feet.

We conclude that we lack jurisdiction over this appeal because the Veterans Court's decision did not involve questions concerning the validity or interpretation of a statute or regulation. Jelks also concedes that the Veterans Court did not decide any constitutional issue. Appellant's Informal Br. 1. In affirming the Board on the February 11, 2003 effective date, the court merely reviewed the Board's factual findings for clear error and applied established law to the particular facts of the case. The court did not elaborate on the meaning of any statute or regulation, or make a decision on a rule of law.

Indeed, Jelks does not allege that the Veterans Court misinterpreted any particular regulation or statute. Nor does he assert that the regulation or statute that was applied by the court was invalid or that the court misstated the law in its analysis. Rather, the arguments presented by Jelks suggest that he only disagrees with the Board's and the Veterans Court's factual findings and their application of the existing law to the facts of his case. To the extent that Jelks argues that he filed a claim for service connection for a back condition in 1986, that is purely a factual question, presented to and addressed by the Board, which is not within our jurisdiction to review.

The record shows that Jelks' principal argument before the Veterans Court was that his January 1990 claim for a general back injury remained pending because the

Board's November 1990 decision only addressed thoraco-lumbar scoliosis. R.A. 15–23. He did not argue to the Veterans Court that he originally filed the service-connection claim for his back condition in 1986 or that the VA failed in its duty to assist in connection with that alleged claim. Likewise, he did not make any argument concerning the effective date of a disability claim relating to his feet. Thus, we decline to consider those arguments for the additional reason that Jelks failed to properly raise them to the Veterans Court. *Boggs v. West*, 188 F.3d 1335, 1337–38 (Fed. Cir. 1999).

We have considered the remaining arguments presented in Jelks' informal appeal brief, informal reply brief, and subsequent supplemental filings, but find them to be unpersuasive or beyond our jurisdiction to review. For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.