NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**JOHNNY R. MARTINEZ,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2021-1029

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-4135, Judge Amanda L. Meredith.

_____

Decided:  October 20, 2021

_____

JOHNNY R. MARTINEZ, Dilley, TX, pro se.

JOSEPH ALAN PIXLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., LOREN MISHA PREHEIM; BRIAN D. GRIFFIN, BRANDON A. JONAS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before DYK, O'MALLEY, and HUGHES, *Circuit Judges.*

PER CURIAM.

Johnny R. Martinez appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed in part a decision of the Board of Veterans' Appeals ("Board") denying Mr. Martinez's request to reverse or amend three rating decisions from March 1980, February 2009, and October 2012, finding no clear and unmistakable error ("CUE"). We *dismiss*.

## BACKGROUND

Mr. Martinez served on active duty in the United States Army from February 1977 to February 1980. He subsequently filed three formal applications for disability compensation, the first in February 1980, the second in September 2008, and the third in February 2012. Those claims were denied. In February 2019, Mr. Martinez commenced a proceeding with the Board, seeking to reopen the earlier decisions and claiming CUE in each one. The Board held there was no CUE in the earlier decisions, and the Veterans Court affirmed in part. Mr. Martinez appeals to this court.

## I.      1980 Decision

Upon separation from the military, Mr. Martinez filed a formal application for disability compensation for a dislocated right wrist. The same day, he separately filed DA Form 664, entitled "Serviceman's Statement Concerning Application for Compensation from the Veterans Administration," which confirmed his formal claim submission and showed that he had sent service medical records ("SMRs") to the VA. The RO's March 1980 rating decision denied service connection for the right wrist claim, citing

no evidence of residuals from his in-service complaints related to wrist pain or dislocation.

In the proceeding under review, Mr. Martinez alleged CUE related to the claim denial and the RO's failure to adjudicate alleged informal claims for low back and spine issues; right hip, left knee, and left ankle degenerative changes; asthma; GERD; erectile dysfunction; hearing loss; and tinnitus. He contended that the filing of DA Form 664 and the SMRs notified the VA of these medical conditions and constituted an informal claim.

The Board found no CUE in the RO's service connection denial for the wrist condition because the wrist condition was not presumptively chronic under 38 C.F.R. § 3.309 (creating presumption of service connection for chronic conditions), and because Mr. Martinez's SMRs did not reveal a dislocated right wrist or residuals, or an in-service event that would have caused the disability. The Board found no CUE in the failure to adjudicate the alleged informal claims because they were not "reasonably raised" in 1980. On appeal, the Veterans Court upheld the Board's finding of no CUE for the March 1980 rating decision, with respect to the right wrist claim, because the presumption of service connection did not apply. However, the Veterans Court disagreed in part with the Board, finding that DA Form 664 notified the VA that Mr. Martinez's claims were not limited to the right wrist, and included disabilities reflected in his SMRs, rendering the RO's failure to adjudicate them in 1980 erroneous. Nonetheless, the Veterans Court found that the error was not prejudicial because the RO subsequently adjudicated and denied those claims in February 2009. *See Williams v. Peake*, 521 F.3d 1348, 1351 (Fed. Cir. 2008) ("[A] subsequent final adjudication of a claim which is identical to a pending claim . . . denying the [later] claim on its merits, also decides that the earlier identical claim must fail.").

## II.   2009 Decision

In September 2008, Mr. Martinez filed a second disability claim alleging hearing loss; tinnitus; low back pain; erectile dysfunction; asthma; degenerative changes in the right hip, left ankle, and left knee; and GERD.  In 2009, the RO denied service connection for all claims except for hearing loss, assigning a 0% disability rating effective September 23, 2008.

In the present proceeding, Mr. Martinez alleged CUE in the 2009 RO decision.  The Board found no CUE.  On appeal, the Veterans Court upheld the Board's finding that the claim denials, other than the hearing loss claim, were not the product of CUE because the claimed conditions were not subject to presumptive service connection under 38 C.F.R. § 3.303(b), and Mr. Martinez did not "raise any specific arguments" identifying why the Board's CUE decision was incorrect.  S.A. 12–13.  The Veterans Court also held that the hearing loss rating was not the product of CUE because the records Mr. Martinez relied on were not in "the evidence of record at the time of the decision being challenged."  S.A. 13.   However, the Veterans Court disagreed with the Board as to the hearing loss claim effective date, finding that the RO needed to address whether the effective date was the result of CUE.  It remanded for the RO to address that question.

## III.   2012 Decision

In February 2012, Mr. Martinez filed a request to reopen a claim for tinnitus and to increase his rating for hearing loss. The RO's October 2012 decision relied on two new VA audiological exams to grant entitlement to disability for bilateral tinnitus, assigning a 10% rating effective February 29, 2012, the day Mr. Martinez filed the request to reopen the claim.  The RO continued the 0% rating for hearing loss.

In the present proceeding, Mr. Martinez alleged CUE related to the bilateral tinnitus effective date, which he argued should be revised to February 1980, when he filed DA Form 664 and notified the VA of an informal claim raised by his SMRs. The Board found no CUE because the RO denied his claim in February 2009. On appeal, the Veterans Court affirmed.

Mr. Martinez appeals to this court, and again argues that all three earlier decisions were the result of CUE.

## DISCUSSION

Our jurisdiction to review Veterans Court decisions is limited. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We have jurisdiction to "decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). We cannot, however, review appeals challenging factual determinations or the application of a law or regulation to the facts unless the appeal presents a constitutional issue. *Id.* § 7292(d)(2); *Saunders v. Wilkie*, 886 F.3d 1356, 1360 (Fed. Cir. 2018).

This is a law to fact case—the Veterans Court merely applied the law to the factual record to conclude that the 1980, 2009, and 2012 RO decisions were not the result of CUE. Mr. Martinez's factual challenges are unreviewable by this court.

Mr. Martinez asserts that the Veterans Court improperly interpreted statutes and decided constitutional issues. His statutory interpretation arguments do not allege erroneous interpretation, but instead restate various standards of review. Mr. Martinez also does not present a viable constitutional challenge. Finally, to the extent that Mr. Martinez challenges remanded issues on appeal, these are not yet final and are thus unreviewable by this court.

We therefore dismiss Mr. Martinez's appeal for lack of jurisdiction.

**DISMISSED**

COSTS

Costs to neither party.