NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-7003

DEBORAH R. HARRISON,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Deborah R. Harrison, of Capital Heights, Maryland, pro se.

Meredyth Cohen Havasy, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Rachael T. Shenkman, Attorney, United States Department of Veterans Affairs, Office of the General Counsel, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-7003

DEBORAH R. HARRISON,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-2546, Chief Judge William P. Greene Jr.

_____

DECIDED: February 3, 2010

_____

Before LOURIE, GAJARSA, and MOORE, Circuit Judges.

PER CURIAM.

Deborah R. Harrison appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals ("the Board")'s denial of her claim for service connection for a foot disorder. Harrison v. Shinseki, No. 07-2546, 2009 WL 2353244 (Vet. App. July 30, 2009). Because Ms. Harrison's appeal presents no issue within this court's jurisdiction, we dismiss.

BACKGROUND

Ms. Harrison performed active duty training in the army between April and September of 1979. Medical reports during that time period reveal treatment for laryngitis and pain in her right knee. Ms. Harrison was honorably discharged from active duty on September 9, 1979, and she served in the Army National Guard reserve from April 1980 to June 1984.

On June 4, 1982, Ms. Harrison filed her first claim for disability compensation with a Department of Veterans Affairs ("VA") regional office ("RO"). Specifically, she sought service connection for "female problems," headaches, loss of voice, and a knee injury, all allegedly sustained between April and May of 1979 while she was on active duty training. After several VA examinations, denials of service connection by the RO, and an appeal to the Board, in 1987 Ms. Harrison was awarded a 10% disability rating for a service-connected right knee condition, although her claims for service connection for laryngitis, headaches, and a right ovarian cyst were denied. In November 2000, Ms. Harrison submitted a claim for increased problems with both her knees. After further VA examinations, the RO granted an increased rating from 10% to 30% for her right knee but denied a finding of secondary service connection for her left knee.

In May 2004, Ms. Harrison first filed a claim for service connection for a foot disorder, but she failed to respond to the RO's request for evidence that the disorder related to her active duty service. In April 2005, the RO issued a decision denying service connection for a foot condition.

Ms. Harrison appealed the denial of service connection for a foot condition, laryngitis, and a right ovarian cyst, and secondary service connection for a left knee

condition to the Board, which issued a decision on June 12, 2007. With regard to the foot disorder, the Board found that the disorder was not present during active duty training and that the medical records diagnosing the disorder decades later failed to establish a nexus to Ms. Harrison's service or any incident or injury during her active duty training. With regard to a secondary left knee injury, the Board found the evidence to be in equipoise and thus granted service connection with the rating to be determined by the RO in the first instance. And finally, the Board remanded the issue of reopening Ms. Harrison's claims for service connection for laryngitis and a right ovarian cyst due to insufficient notice under Kent v. Nicholson, 20 Vet. App. 1 (2006).

Ms. Harrison, through counsel, appealed to the Veterans Court the Board's decision to deny her claim for service connection for a foot disorder. Ms. Harrison argued that the VA did not fulfill its duty to assist her in developing her claim because it (1) failed to obtain medical records concerning the treatment of her feet at a facility at Fort Sam in Houston, Texas from 1980 through 1981 and (2) failed to address whether she should have been given a VA medical examination. Ms. Harrison also argued that the Board failed to adequately assess the lay evidence of record, including her statement that she had sustained her foot disorder during active duty training.

The Veterans Court affirmed the Board's denial of service connection for a foot disorder on July 30, 2009. The court upheld the Board's determination that the VA had fulfilled its duty to assist because Ms. Harrison had not identified any specific missing medical records and had even conceded that no further records existed. Harrison, 2009 WL 2353244, at *1. The court also concluded that Ms. Harrison's statement regarding when she incurred her foot disorder did not meet the threshold showing to warrant a VA

medical examination in light of the other evidence of record and that the Board did not err in determining that she lacked the medical competency to opine on the etiology of this condition. Id. at *1-2.

The Veterans Court entered final judgment on August 24, 2009, and Ms. Harrison timely appealed to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292(c).

DISCUSSION

This court's jurisdiction to review decisions of the Veterans Court is limited by statute. See 38 U.S.C. § 7292. We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court] . . . , and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." Id. § 7292(c). We, however, lack jurisdiction to review any challenge to a factual determination or to the application of the law or a regulation to the facts of a particular case. Id. § 7292(d)(2).

Ms. Harrison argues that the Veterans Court did not have all of her medical records from basic training when it decided her case and so could not have made a correct decision. She also asserts that the Veterans Court failed to consider statements from her music teacher and gynecologist, presumably related to her claims for service connection for laryngitis and a right ovarian cyst, respectively.

With regard to Ms. Harrison's claim of missing medical records, the government responds that this issue involves only a question of fact outside this court's jurisdiction. In the alternative, the government argues that the Veterans Court correctly concluded that the VA fulfilled its duty to assist based on its factual findings that the VA had

secured all available evidence and that Ms. Harrison had failed to identify any specific records that were missing. Next, with regard to Ms. Harrison's claim that the Veterans Court failed to consider statements from her teacher and gynecologist, the government responds that because her claims for service connection for laryngitis and a right ovarian cyst were remanded to the RO for insufficient notice, those claims were not before the Veterans Court, and thus this court lacks jurisdiction to consider them.

We agree with the government. Whether records are missing from Ms. Harrison's file is a question of fact and thus not within this court's jurisdiction. Furthermore, any statements by Ms. Harrison's music teacher and gynecologist would appear to relate not to any foot disorder but rather to her claims for service connection for laryngitis and for a right ovarian cyst. The Board remanded those claims to the RO, and they were not before the Veterans Court, thus, this court also lacks jurisdiction over them.

Accordingly, we <u>dismiss</u> the appeal.

## COSTS

No costs.