# United States Court of Appeals for the Federal Circuit

---

**JACQUELINE H. JONES,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-2120

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-3919, Chief Judge Robert N. Davis, Judge Mary J. Schoelen, Judge Margaret C. Bartley.

---

Decided: March 13, 2019

---

MEGHAN GENTILE, Veterans Legal Advocacy Group, Arlington, VA, argued for claimant-appellant. Also represented by HAROLD HAMILTON HOFFMAN-LOGSDON, III.

ALBERT S. IAROSSI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM, JOSEPH H. HUNT; BRIAN D. GRIFFIN, SAMANTHA ANN SYVERSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, REYNA, and CHEN, *Circuit Judges.*

CHEN, *Circuit Judge.*

Jacqueline Jones, who substituted as appellant for her deceased husband Josephus Jones, appeals the decision of the U.S. Court of Appeals for Veterans Claims (Veterans Court), which affirmed the Board of Veterans' Appeals (Board) decision denying an earlier effective date for service-connected compensation for post-traumatic stress disorder (PTSD). Ms. Jones argues that the Veterans Court erred in using a heightened legal threshold to determine whether the Veterans Administration (VA) was required to assist Mr. Jones in obtaining his VA treatment records, which he asserted might contain an earlier, informal claim that could entitle him to an earlier effective date for benefits. Because the Veterans Court erred in analyzing the VA's duty to assist, we vacate the Veterans Court's decision and remand for consideration of Mr. Jones's complete VA treatment file.

## BACKGROUND

In general, the effective date of a VA benefits award is the date the VA receives an application for the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. However, under the VA regulations that applied to Mr. Jones's claims, if an applicant submitted an "informal claim,"[1] the VA was required to

---

[1] The VA previously recognized formal and informal claims. *See* 38 C.F.R. § 3.1(p) (2000). For formal claims, the VA required applicants to file forms providing specified information. *See Rodriguez v. West*, 189 F.3d 1351, 1353 (Fed. Cir. 1999). The regulations further provided that "[a]ny communication or action, indicating an intent to apply for one or more benefits . . . from a claimant . . . may be

send the applicant a formal application form, and, assuming the applicant returned the form within one year, the VA would deem the formal application submitted as of the date of receipt of the informal claim. 38 C.F.R. § 3.155 (2000).

Mr. Jones served in the Marine Corps from 1968 to 1970. A VA psychiatrist treated him and diagnosed him with PTSD in 2000. J.A. 1; J.A. 17. Mr. Jones formally applied for disability benefits for PTSD in April 2011. J.A. 27. In February 2012, the VA Regional Office (RO) awarded Mr. Jones a 100% disability rating for PTSD, effective April 13, 2011, the date the RO received his formal application. J.A. 2; J.A. 37.

Later in 2012, Mr. Jones filed a notice of disagreement arguing that he should receive an earlier effective date that reflects VA medical treatment for PTSD beginning in 2000. Mr. Jones asserted that he "did not file until 11 years later because the doctors did not explain to [him] what PTSD really was back in 2000." J.A. 61. On July 17, 2015, the Board denied Mr. Jones's claim for an earlier effective date. The Board acknowledged the existence of "VA medical records showing treatment for mental health symptoms" in 2000, but the Board found that the records before it "[did] not indicate an intent to file a claim for benefits and are not considered an 'informal claim' under any applicable regulations at the time." J.A. 17.

Mr. Jones appealed to the Veterans Court, which affirmed the Board's decision. The Veterans Court did not

---

considered an informal claim." 38 C.F.R. § 3.155(a) (2000) (emphasis added). The VA amended 38 C.F.R. §§ 3.1 and 3.155, effective March 24, 2015. 79 Fed. Reg. 57,660, 57,686 (Sept. 25, 2014). Claims and appeals pending under the regulations that existed as of that date continue to be governed by the preexisting regulations. *Id.*

review Mr. Jones's complete treatment files. The Veterans Court noted: "The Secretary tacitly admits that the complete VA medical records from 2000 and 2001 are not in the record . . . ." J.A. 1. In light of Mr. Jones's statement that he did not request benefits until 2011, however, the Veterans Court found that "the likelihood of such an informal claim [from 2000 or 2001] appearing in the unobtained VA medical records is extremely low." J.A. 3. Further, the Veterans Court found, even if the records contained a communication that met the definition of an "informal claim," Mr. Jones had not shown that such an informal claim was received by the "benefits section of the VA," as opposed to a doctor at the "Veterans Health Administration." J.A. 4.

Mr. Jones passed away in October 2016, and his wife substituted into the case and appealed on his behalf.

## DISCUSSION

We have jurisdiction to review a Veterans Court decision "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). "We review *de novo* legal determinations of the Veterans Court." *Geib v. Shinseki*, 733 F.3d 1350, 1353 (Fed. Cir. 2013).

### A. Secretary's Request for Remand

The Secretary acknowledges that the Veterans Court did not have Mr. Jones's complete medical files, and so the Secretary initially argues that this court should remand the case to the Veterans Court—without reaching the merits—for consideration based on a complete record.[2] *See* 38

---

[2] The Secretary previously requested remand in a motion filed after Ms. Jones filed her opening brief but before the Secretary filed his brief. ECF No. 31. We denied

U.S.C. § 7252(b) ("Review in the [Veterans] Court shall be on the record of proceedings before the Secretary and the Board.").

The Secretary argues that the RO and the Board actually reviewed Mr. Jones's treatment records. The Secretary notes that the RO's Rating Decision stated that the evidence it considered included, among other things, "VA treatment records, dated August 8, 2000 to February 1, 2012, from VA Medical Center - Detroit, received February 7, 2012 (Virtual VA)." J.A. 38. Moreover, the Board noted that "the RO assisted the Veteran by obtaining his post-service mental health treatment records." J.A. 15. The Secretary suggests that the problem was not that the RO or Board failed to obtain Mr. Jones's medical records but that the VA failed to include those medical records when assembling the record for the Veterans Court.

The completeness of the record presents a question of fact outside of this court's jurisdiction, a point we have made more than once in the past, albeit in nonprecedential opinions. *See Campbell v. Shinseki*, 404 F. App'x 493, 496 (Fed. Cir. 2010) ("[W]hether records were missing from Campbell's file also presents a question of fact outside this court's jurisdiction."); *Harrison v. Shinseki*, 364 F. App'x 630, 632 (Fed. Cir. 2010) ("Whether records are missing from Ms. Harrison's file is a question of fact and thus not within this court's jurisdiction."). We cannot, therefore, second guess the Veterans Court's finding that the Board did not review Mr. Jones's complete history. *See* J.A. 2

---

the motion without prejudice pursuant to Federal Circuit Rule 27(f), which states that "[a]fter the appellant . . . has filed the principal brief, the argument supporting . . . remand should be made in the brief of the appellee. . . ." ECF No. 48 at 2.

(finding that Mr. Jones's "complete VA medical records from 2000 and 2001 are not in the record").[3]

We are, however, in a position to decide a legal issue squarely presented by the briefs, namely, whether the Veterans Court applied the correct legal standard when it ruled that the VA fulfilled its duty to assist Mr. Jones in obtaining "relevant" treatment files. We turn to this issue next.

## B. VA's Duty to Assist

Because Ms. Jones believes that Mr. Jones's treatment records from 2000 and 2001 may contain an informal claim for benefits, she argues that the VA was required to assist him in obtaining his treatment records before rendering a decision on his claim for an earlier effective date. The statute governing the VA's duty to assist states, in relevant part: "The Secretary shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a benefit under a law administered by the Secretary." 38 U.S.C. § 5103A(a)(1). The statute specifically requires the VA to assist in obtaining "[r]ecords of relevant medical treatment or examination of the claimant at Department health-care facilities . . . if the claimant furnishes information sufficient to locate those records." 38 U.S.C. § 5103A(c)(1)(B). The parties do not dispute that Mr. Jones provided information sufficient to locate the records in question. However, an exception to the duty to

---

[3]     We also decline to consider a declaration from the Deputy Vice Chairman of the Board, presented for the first time on appeal, asserting that Mr. Jones's medical records were part of Mr. Jones's claim file when the Board issued its July 17, 2015 decision. *See* Appellee's Supp. Appx. 1–7. The Secretary waived reliance on this evidence by failing to present it to the Veterans Court. *See Charles v. Shinseki*, 587 F.3d 1318, 1322 & n.2 (Fed. Cir. 2009).

assist is that "[t]he Secretary is not required to provide assistance to a claimant under this section if no reasonable possibility exists that such assistance would aid in substantiating the claim." 38 U.S.C. § 5103A(a)(2).

The Veterans Court found that even if the Board had not obtained or reviewed Mr. Jones's complete treatment records, "the likelihood of such an informal claim appearing in the unobtained VA medical records is extremely low" because "Mr. Jones never alleged that he ever expressed an intent to file a claim to his VA doctors in 2000 or 2001." J.A. 3. The Veterans Court made its finding "[i]n view of Mr. Jones's allegations in the record," *id.*, which included Mr. Jones's statement that he "did not file until 11 years later," J.A. 61. Thus, the Veterans Court found that Mr. Jones failed to show how the unobtained medical records have a reasonable possibility of substantiating his entitlement to an earlier effective date. J.A. 4.

We agree with Ms. Jones that the Veterans Court erred as a matter of law in requiring an impermissibly high threshold to trigger the VA's duty to assist. While the Veterans Court mentioned the "no reasonable possibility standard," it actually required Mr. Jones to show more than what the statute requires. Section 5103A does not allow the VA to avoid the duty to assist in obtaining records based on a mere belief that the likelihood of finding a record substantiating a veteran's claim is "low" or "extremely low." Rather, the applicable standard is whether "*no reasonable possibility exists* that such assistance would *aid* in substantiating the claim." 38 U.S.C. § 5103A(a)(2) (emphasis added). Thus, to trigger the VA's duty to assist, a veteran is not required to show that a particular record exists or that such a record would independently prove his or her claim.

Moreover, the Secretary acknowledges that regulations implementing Section 5103A require the VA to assist

obtaining VA medical records without even considering the records' relevance:

> *In a claim for disability compensation, VA will make efforts to obtain* the claimant's service medical records, if relevant to the claim; other relevant records pertaining to the claimant's active military, naval or air service that are held or maintained by a governmental entity; *VA medical records* or records of examination or treatment at non-VA facilities authorized by VA; and any other relevant records held by any Federal department or agency.

38 C.F.R. § 3.159(c)(3) (emphasis added). In *Sullivan v. McDonald*, 815 F.3d 786, 790–91 (Fed. Cir. 2016), we held that because the above regulation uses the word "relevant" as a modifier for three of the four categories of records it identifies, but not for "VA medical records or records of examination or treatment at non-VA facilities authorized by VA," the VA may not consider relevance when determining whether to assist in obtaining VA medical records.[4] Thus, in the instant case, the Veterans Court erred in ruling that the duty to assist only "includes obtaining records of treatment at VA facilities that are relevant to the claim." J.A. 2.

The Secretary's contention that any legal error is harmless in light of Mr. Jones's admissions is unpersuasive. In *Moore v. Shinseki*, 555 F.3d 1369, 1374 (Fed. Cir. 2009), we held that it was not harmless error for the VA to base its rating decision on a subset of a veteran's medical

---

[4]   The *Sullivan* court explained that its holding was not inconsistent with 38 U.S.C. § 5103A(c)(1)(B), which mentions "relevant" medical records, because "the statute permits the VA to provide additional assistance to claimants beyond that required by § 5103A, and the VA did so with respect to VA medical records when it promulgated § 3.159(c)(3)." 815 F.3d at 791.

records. "The fact that the VA considered some of the relevant records . . . does not excuse the fact that it failed to consider all of them." *Id.* Moreover, we were unwilling to assume what the contents of the remaining records would show. "We fail to understand how the government, without examining the [omitted] records, can have any idea as to whether they would, or would not, support [the veteran's] claim for an increased disability rating." *Id.* at 1375.[5]

## CONCLUSION

Because the Veterans Court applied an incorrect legal standard regarding the VA's duty to assist in obtaining medical records, we vacate the Veterans Court's decision. We remand to the Veterans Court with instructions to remand to the Board, and with further instructions for the Board to remand to the RO to obtain and review Mr. Jones's complete VA treatment records for PTSD and determine whether Mr. Jones is entitled to an effective date prior to April 13, 2011. We are not in a position to decide the factual question of whether any portion of his treatment records constitutes an "informal claim" within the meaning of the applicable statutes and regulations. *Moody v. Principi*, 360 F.3d 1306, 1310 (Fed. Cir. 2004). We leave it to the RO to make that determination in the first instance.[6]

---

[5] The Secretary attempts to distinguish *Moore* on the grounds that it involved a claim for a higher disability rating, and the missing records related to a recent hospitalization. However, the Secretary does not explain why these distinctions would make a difference regarding the VA's requirement to consider complete medical records.

[6] At this time, because the record is incomplete, we also decline to address the Veterans Court's ruling that an informal claim must be received by the "benefits section of the VA," as opposed to any other section of the VA. J.A. 4.

**VACATED AND REMANDED**

COSTS

Costs to Appellant.