NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVE W. LAWRENCE,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-1847

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-2271, Senior Judge Robert N. Davis.

---

Decided:  June 4, 2020

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, for claimant-appellant.

MEEN GEU OH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; CHRISTOPHER O. ADELOYE, BRIAN D. GRIFFIN,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before MOORE, O'MALLEY, and HUGHES, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Appellant Dave W. Lawrence ("Lawrence") appeals a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court"), affirming a decision of the Board of Veterans' Appeals ("Board"), which denied his claim for entitlement to a total disability rating due to individual unemployability ("TDIU"). *Lawrence v. Wilkie*, No. 17-2271, 2019 WL 272402 (Vet. App. Jan. 22, 2019). We *dismiss* for lack of jurisdiction.

Lawrence argues that the Veterans Court erred in its application of 38 C.F.R. § 4.16(a), which provides the standard for granting TDIU. Specifically, § 4.16(a) states that a total disability rating may be assigned where the scheduled rating is less than 100% and the veteran is "unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities," provided the veteran's disability rating satisfies certain percentage threshold requirements, not at issue here. 38 C.F.R. § 4.16(a). Following the listed eligibility conditions, the regulation states that "Marginal employment shall not be considered substantially gainful employment." *Id.* The regulation then adds that "marginal employment generally shall be deemed to exist when a veteran's earned annual income does not exceed" certain specified thresholds. *Id.*

Applying § 4.16(a), the Board found that Lawrence was not "incapable of performing the physical and mental acts necessary to secure and follow a substantially gainful occupation." J.A. 131. Specifically, the Board found that Lawrence "has continued to work in some capacity and, while he is self-employed, his reported prowess at fixing things (remodeling a barn into a home, fixing machinery in his

shop, and performing maintenance at the motel) would likely be valuable to any number of companies." *Id*. The Board further stated that a specific determination as to the amount of income Lawrence makes co-owning the motel was unnecessary because the evidence of record failed to show that he was "unable to secure and follow a substantially gainful occupation consistent with his educational and occupational background, even if his current employment is considered marginal in nature." J.A. 130.[1] The Veterans Court affirmed the Board's TDIU determination, finding no error in the Board's analysis and no reason to disturb its findings. *Lawrence*, 2019 WL 272402, at *5–7.

This court's jurisdiction to review decisions of the Veterans Court is limited by statute. We have "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Absent a constitutional issue, however, we may not review the Veterans Court's factual findings or its application of law to facts. 38 U.S.C. § 7292(d); *see Bozeman v. McDonald*, 814 F.3d 1354, 1357 (Fed. Cir. 2016) (explaining that the Veterans Court's "application of law to fact" is "a question over which we lack jurisdiction").

On appeal, Lawrence contends that the Veterans Court misinterpreted 38 C.F.R. § 4.16(a) when it affirmed the Board's finding that he was capable of following a "substantially gainful occupation." According to Lawrence, because his post-retirement employment activities were

---

[1]    In reaching this decision, the Board noted that the record lacked information as to the amount of money Lawrence makes co-owning and working for the motel, and that neither Lawrence nor his representative had provided such evidence, despite being in the best position to do so. J.A. 130.

"marginal," they cannot be "substantially gainful" as the Board and the Veterans Court found. Appellant Br. 6–9. In Lawrence's view, the Board should have evaluated evidence of his earned income—or lack thereof—to reach a different outcome. *Id.*

Although Lawrence attempts to frame his argument as a legal one regarding the proper interpretation of 38 C.F.R. § 4.16(a), his argument challenges the Board's factual determinations and the sufficiency of the evidence leading to the Board's TDIU decision, as well as the Veterans Court's review of that decision. Those issues are not within our jurisdiction. *See Wade v. Wilkie*, 735 F. App'x 728, 729 (Fed. Cir. 2018) (dismissing appeal alleging improper interpretation of 38 C.F.R. § 4.16(a) where the arguments were "really about the Board's factual determinations and the sufficiency of the evidence").

As to Lawrence's argument that the record lacked sufficient evidence regarding his level of income, the Veterans Court considered this issue and rejected it. In doing so, the court explained that, even without evidence of income (evidence that Lawrence was arguably in the best position to provide), the record fairly supported the Board's decision that Lawrence was capable of following a substantially gainful occupation. *See Lawrence*, 2019 WL 272402, at *6. It is well established that "[t]he completeness of the record presents a question of fact outside of this court's jurisdiction." *See Jones v. Wilkie*, 918 F.3d 922, 925 (Fed. Cir. 2019). And, although Lawrence may disagree with the finding that he is capable of substantially gainful employment, that fact finding is not reviewable on appeal.

Finally, examination of the Veterans Court's decision makes clear that it did not interpret § 4.16, but rather applied it to the facts of this case. *See Forshey v. Principi*, 284 F.3d 1335, 1349 (Fed. Cir. 2002) (en banc) (*superseded on other grounds by statute*, Pub. L. No. 107-330, § 402(a), 116 Stat. 2820, 2832 (2002)) ("[A]n interpretation of a statute

or regulation occurs when its meaning is elaborated by the court."). Absent a constitutional issue, we do not have jurisdiction to review the Veterans Court's application of a regulation to the facts of a particular case. Because Lawrence's arguments on appeal concern only challenges to factual determinations or, at most, the application of law to the facts of his case, we lack jurisdiction. *See* 38 U.S.C. § 7292(d)(2). We therefore *dismiss* this appeal.

### DISMISSED

COSTS

No costs.