NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FREDERICK PAYNE,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1459

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-3439, Chief Judge Margaret C. Bartley, Judge Amanda L. Meredith, Senior Judge Robert N. Davis.

---

Decided: August 20, 2020

---

FREDERICK PAYNE, Bellevue, NE, pro se.

RAFIQUE OMAR ANDERSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by ETHAN P. DAVIS, ALLISON KIDD-MILLER, ROBERT EDWARD KIRSCHMAN, JR.; BRIAN D. GRIFFIN, ANDREW J.

STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before PROST, *Chief Judge*, REYNA and TARANTO, *Circuit Judges*.

PER CURIAM.

Pro se Appellant Frederick Payne, a United States Air Force veteran, appeals the decision of the United States Court of Appeals for Veterans Claims that affirmed a determination by the Board of Veterans' Appeals denying an increase in his disability rating for his service-connected disabilities. Mr. Payne also raises new issues on appeal. The resolution of the issues raised by Mr. Payne would require this court to reweigh the factual findings of the Board, to engage in new factual findings, and review the application of law to facts. While this court has jurisdiction to review certain constitutional and legal issues, we are statutorily prohibited from reviewing factual determinations and the application of law to facts. 38 U.S.C. § 7292(d)(2). Therefore, we lack jurisdiction over Mr. Payne's challenges and dismiss this appeal.

## BACKGROUND

### A. Disability Compensation Claims

Mr. Payne served on active duty in the U.S. Air Force from February 1980 to July 1992 as a communications systems maintenance technician. J.A. 204. On July 13, 1992, he was honorably discharged for "permanent disability retirement." *Id.* In April 1993, a VA Regional Office ("RO") granted Mr. Payne's claim for service-connected carpal tunnel syndrome ("CTS") of each hand. J.A. 24–32. Over the years, Mr. Payne filed several claims and appeals, ultimately leading to an increase of the initial disability ratings for Mr. Payne's right and left CTS to 50% and 40%, respectively, both effective July 14, 1992, and a service-

connection award for hand-arm vibration syndrome ("HAVS"). J.A. 90–99, 100–08. The procedural history of Mr. Payne's appeals spans over 27 years. We review only the procedural history most relevant to this appeal.

### B. Board Decision and Veterans Court Decision

On September 26, 2017, the Board of Veterans' Appeals ("Board") denied a higher rating for Mr. Payne's right and left hand HAVS and CTS on both schedular and extra-schedular bases. J.A. 165–203. Mr. Payne's disabilities were rated as a unit under diagnostic code 8515, based on the Board's factual finding that the symptoms of the two conditions overlapped. The Board determined it lacked jurisdiction over the remaining issues in the case. Mr. Payne appealed the Board decision to the U.S. Court of Appeals for Veterans Claims ("Veterans Court").

The Veterans Court affirmed in part, reversed in part, and dismissed in part the Board's decision. Important to this appeal, the Veterans Court affirmed the Board's determination that Mr. Payne was not entitled to an increase of his disability rating for HAVS and CTS. In addition, the Veterans Court reversed and remanded the Board's determination that it lacked jurisdiction over the issues of entitlement to special monthly compensation and a total disability rating based on individual unemployability ("TDIU") prior to March 4, 2005. The Veterans Court dismissed, as abandoned, Mr. Payne's appeal as to his entitlement to TDIU after August 31, 2011 and to disability compensation for a secondary condition of his service-connected disabilities. Mr. Payne now appeals to this court.

### ANALYSIS

Our jurisdiction to review decisions by the Veterans Court is limited. *See Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We have exclusive jurisdiction to review and decide challenges to the validity of any statute or regulation, or to any interpretation of statutory,

regulatory, or constitutional provisions to the extent such provisions are presented and necessary to a decision. 38 U.S.C. § 7292(c). We lack jurisdiction to review challenges to factual determinations, or challenges to the application of law or regulation to the facts of a particular case, except to the extent that an appeal from a Veterans Court decision presents a constitutional issue. *Id.*; § 7292(d)(2). And while we liberally construe pro se pleadings, like those here, in favor of a pro se veteran, the veteran is still required to establish jurisdiction. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

In addition, the issue on appeal must have been finally decided by the Veterans Court. *See Arnesen v. Principi*, 300 F.3d 1353, 1357 (Fed. Cir. 2002). Remand decisions by the Veterans Court are not final for review purposes absent three circumstances: "(1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and (3) there must be a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue." *Id.* (quoting *Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir. 2002)).

### A. Challenges to the Veterans Court's Decision

First, Mr. Payne challenges the Board's determination that Mr. Payne was not entitled to a higher initial disability rating. The Veterans Court correctly characterized Mr. Payne's challenge as going to the sufficiency of a medical opinion, which is a finding of fact, over which we lack jurisdiction to review. J.A. 17. *See Prinkey v. Shinseki*, 735 F.3d 1375, 1383 (Fed. Cir. 2013) ("[T]he sufficiency of a medical opinion is a matter beyond our jurisdictional reach, because the underlying question is one of fact.").

Similarly, Mr. Payne argues that the Veterans Court erred when it determined that Mr. Payne failed to demonstrate that errors by the Board were prejudicial. Determination of prejudice constitutes case-specific applications of judgment, based on the examination of the record. *See Shinseki v. Sanders*, 556 U.S. 396, 407–10 (2009). Because this determination involves the application of law to fact, we lack jurisdiction to review these conclusions.

Mr. Payne also challenges the Veterans Court's reversal and remand of portions of the Board's decision on grounds that those matters are still pending before the Board. This court has held that its jurisdiction generally does not extend to determinations that are still pending before the Veterans Court or the Board because they lack finality. *See Joyce v. Nicholson*, 443 F.3d 845, 849 (Fed. Cir. 2006) (citing *Williams*, 275 F.3d at 1363 (Fed. Cir. 2002)). While this court in *Williams* set out a narrow exception to that rule, as set forth above, we do not find that such an exception applies here. *See Williams*, 275 F.3d at 1364. Because we find no reason to depart from the rule of finality in this case, we dismiss Mr. Payne's challenge to issues that remain pending before the Board. *See id.* at 1363.

Finally, we also lack jurisdiction to review the Veterans Court's ruling that Mr. Payne abandoned the remaining issues for failure to raise them in his opening brief. *See Andre v. Principi*, 301 F.3d 1354, 1362–64 (Fed. Cir. 2002) (holding that the Federal Circuit lacks jurisdiction over the Veterans Court's ruling that an issue is abandoned).

## B.   New Issues Raised on Appeal

As we understand his informal brief, Mr. Payne raises several arguments that were not before the Veterans Court. For example, Mr. Payne argues that the United States Department of Veterans Affairs' ("VA") regulatory prohibition on pyramiding, or evaluating the same disability under various diagnosis, is either unlawful or was inappropriately applied to his case to deny separate ratings for

HAVS and CTS. App. Inf. Br. at 5–6, 10–12. He also argues that his constitutional due process rights were violated because his service medical records were excluded from consideration by the VA in rating his hand and arm condition, *id.* at 3, 16–25, and that the administrative record is "missing key medical evidence." *Id.* at 8–9.

In general, arguments not raised to the Veterans Court are waived. *See Forshey v. Principi*, 284 F.3d 1335, 1355 (Fed. Cir. 2002) (en banc), *superseded on other grounds by statute*, Veterans Benefits Act of 2002, Pub. L. No. 107-330, § 402(a), 116 Stat. 2820, 2832). Even if these arguments were not waived, they either are plainly meritless or challenge determinations that we lack jurisdiction to review.

With respect to Mr. Payne's argument that pyramiding is unlawful, this court addressed the question in *Amberman v. Shinseki*, 570 F.3d 1377 (Fed. Cir. 2009). The court concluded that 38 C.F.R. § 4.14 intends that veterans are compensated for functional loss but that separate diagnoses constitute the same disability if they have overlapping symptomatology. *Id.* at 1380–81. To the extent Mr. Payne argues that the statute was applied improperly to the facts of his case, or that the Board erred in finding that his symptoms overlapped, this court does not have jurisdiction to review this issue. *See* 38 U.S.C. § 7292(d)(2).

Next, Mr. Payne raises a "constitutional due process" challenge alleging that the Board "excluded" his service medical records from consideration or that the Board is missing "key" evidence. App. Inf. Br. at 8–9, 18. However, while Mr. Payne frames his argument as a constitutional challenge, he is in fact challenging the Board's weighing of evidence in the record. The completeness of the record presents a question of fact outside of this court's jurisdiction. *See Jones v. Wilkie*, 918 F.3d 922, 927 (Fed. Cir. 2019); *see also Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007) ("There is a presumption that VA considered all of

the evidence of record."). Accordingly, this court has no jurisdiction to reweigh the evidence before the Board.

Mr. Payne's remaining new arguments involve factual findings or application of law to facts. For reasons outlined above, we dismiss those arguments as outside our jurisdiction.

## CONCLUSION

Each of Mr. Payne's arguments on appeal are either waived or directed to factual determinations or applications of law to fact that this court lack jurisdiction to review. Pursuant to 38 U.S.C. § 7292(d)(2), we may not consider these challenges. Accordingly, we dismiss the appeal.

## DISMISSED

## COSTS

No costs.