NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TYRONE A. ANDREWS,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1979

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-7410, Judge William S. Greenberg.

---

Decided: May 3, 2023

---

TYRONE A. ANDREWS, Staley, NC, pro se.

IOANA CRISTEI MEYER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, Y. KEN LEE, ANDREW J. STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before PROST, REYNA, and STARK, *Circuit Judges.*

PER CURIAM.

The Department of Veterans Affairs ("VA") took nearly 17 years to adjudicate Tyrone Andrews' request for an extension of his vocational rehabilitation benefits. When the VA finally denied his request, Andrews asked for equitable relief. When the VA declined to grant such relief, Andrews appealed to the Board of Veterans' Appeals ("Board"), which determined it lacked jurisdiction to review the VA's decision. Andrews then appealed to the Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed. He now appeals to us.

While we are sympathetic to Andrews and agree that no veteran should be mired in the VA benefits system for nearly two decades without a decision, the Board correctly determined it had no jurisdiction to hear Andrews' appeal. Accordingly, we affirm the Veterans Court.

I

Andrews served on active duty in the U.S. Marine Corps from 1982 to 1985. After he left the service, the VA awarded him disability benefits with an effective date of August 1986. Andrews used his disability benefits to pursue vocational rehabilitation and employment ("VR&E") benefits and ultimately completed an associate degree. When Andrews sought additional benefits in 1992 to help him complete his bachelor's degree, the VA informed him it had found him rehabilitated on July 21, 1991, making him ineligible for further vocational rehabilitation benefits.

On August 5, 1992, Andrews filed a notice of disagreement and appealed to the Board. He did not receive a decision until May 27, 2009, nearly 17 years later. The Board denied his appeal.

In 2013, Andrews sought equitable relief under 38 U.S.C. § 503 on account of the VA's 17-year delay. The regional office ("RO") recommended denying the requested relief. The VR&E Service agreed with that recommendation.

Andrews then appealed to the Board, which determined it lacked jurisdiction to grant equitable relief. Andrews appealed to the Veterans Court, arguing, among other things, that the agency record was incomplete and seeking a remand for the RO to look for missing documents. The Veterans Court affirmed, reasoning that § 503(a) determinations are committed to the sound discretion of the Secretary and, hence, are unreviewable by either the Board or the Veterans Court. *See Andrews v. McDonough*, No. 20-7410, 2022 WL 1744401, at *2 (Vet. App. May 31, 2022). Andrews then timely appealed to this Court.

II

Our jurisdiction to review decisions of the Veterans Court is limited. We may only review "relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). We may not review either "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." § 7292(d)(2).

The Board's jurisdiction does not reach requests for equitable relief under § 503. *See Burris v. Wilkie*, 888 F.3d 1352, 1357-60 (Fed. Cir. 2018) ("Congress did not intend for the Veterans Court to exercise equitable authority reserved for the Secretary."). Rather, the Board's jurisdiction is limited to matters arising under 38 U.S.C. § 511, which concerns VA benefits and not equitable relief. *See* 38 U.S.C. § 7104(a). Accordingly, as the Veterans Court also recognized, the Board lacked jurisdiction to hear Andrews' claim for equitable relief.

Andrews presents several arguments for a more favorable outcome, but each lacks merit.  First, Andrews argues that 38 U.S.C. § 503 requires the Secretary to make any final determinations under his or her own signature, so the VA violated the law when an officer of the VR&E Service signed on behalf of the Secretary.[1]  In fact, however, the Secretary has delegated his power to deny equitable relief to his subordinates – the governing regulations explain that the Secretary only reviews requests for relief upon a favorable recommendation from an "initiating office," 38 C.F.R. § 2.7 – and we are not aware of any basis to conclude this delegation was improper.

Second, Andrews objects to the supposed dismissal of (1) his civil rights complaint against his VA counselor and (2) his vocational plan disagreement.  He contends that dismissal of these issues violated rights protected under the Fifth and Fourteenth Amendments to the U.S. Constitution.  The Board decision giving rise to this appeal, however, pertains only to the April 2017 denial of Andrews' request for continued VR&E benefits.  To the extent that the other issues about which Andrews now complains are distinct from the denial of equitable relief, they are beyond the scope of the matter before the Court.  Consequently, the Veterans Court made no error in not addressing these issues.

---

[1]    As Andrews failed to make this argument below, we would normally deem it forfeited and, accordingly, would decline to consider it.  *See Pavo Sols. LLC v. Kingston Tech. Co.*, 35 F.4th 1367, 1380 (Fed. Cir. 2022).  But because he proceeded pro se, we will consider his position. *See Forshey v. Principi*, 284 F.3d 1335, 1357 (Fed. Cir. 2002) ("[I]n situations where a party appeared pro se before the lower court, a court of appeals may appropriately be less stringent in requiring that the issue have been raised explicitly below.").

Third, and finally, Andrews alleges that the VA is improperly withholding part of the relevant record. As we have previously held, "[t]he completeness of the record presents a question of fact outside of this court's jurisdiction." *Jones v. Wilkie*, 918 F.3d 922, 925 (Fed. Cir. 2019). In any event, the VA took measures to verify the record and invited Andrews to review and supplement it, which he declined to do. The VA concluded there were no further actions it could take regarding the completeness of the record and the Veterans Court considered the issue resolved. *See Andrews*, 2022 WL 1744401, at *2 n.1. We see no basis to provide Andrews relief.

## III

Again, while we are sympathetic to Tyrone Andrews and the delay he experienced, the Veterans Court correctly concluded that the Board lacked jurisdiction over his appeal. Accordingly, we affirm.

**AFFIRMED**

COSTS

No costs.