NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ELBERT L. CLEGG,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1220

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-446, Judge Coral Wong Pietsch.

---

Decided: December 3, 2025

---

ELBERT L. CLEGG, Malvern, AK, pro se.

ANNE DELMARE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE; BRIAN D. GRIFFIN, CHRISTOPHER O. ADELOYE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

Elbert L. Clegg appeals a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") denying an earlier effective date for his service-connection claim. *Clegg v. McDonough*, No. 23-0446, 2024 WL 2880228 (Vet. App. June 7, 2024) ("*Decision*"). For the reasons below, we dismiss.

## BACKGROUND

Mr. Clegg served on active duty in the U.S. Marine Corps from 1969 to 1971. In December 2006, he filed a service-connection claim with the Department of Veterans Affairs ("VA") for various conditions, including shortness of breath, alleging exposure to Agent Orange during his service in Vietnam. A VA regional office ("RO") denied his claim. In June 2008, Mr. Clegg underwent a stress test that ruled out evidence of ischemia. Subsequently, Mr. Clegg filed a service-connection claim for hypertension. The RO denied his hypertension claim in November 2008. In October 2010, Mr. Clegg filed an additional claim seeking benefits for ischemic heart disease ("IHD") as a condition related to his Agent Orange exposure. In 2011, he underwent a medical exam which concluded that he did not have IHD. The RO denied Mr. Clegg's IHD claim. Mr. Clegg appealed to the Board of Veterans' Appeals ("Board"). The Board denied his appeal, finding that he did not have a current IHD diagnosis. *Decision*, 2024 WL 2880228, at *2. Mr. Clegg did not appeal the Board's decision, and it became final.

In April 2016, Mr. Clegg sought to reopen his IHD claim but the RO declined to do so because Mr. Clegg had not submitted new and material evidence. Mr. Clegg sought review of the RO's decision. In September 2017, Mr. Clegg underwent a cardiology assessment which

determined that he was ischemic at the time of that examination. The RO granted Mr. Clegg's IHD claim with a 100% disability rating effective September 17, 2017, the date of his IHD diagnosis. The RO noted that "[a]lthough not shown in service, service connection for [IHD] . . . has been granted on the basis of presumption due to Agent Orange exposure." S.A. 22.[1] Mr. Clegg filed a supplemental claim seeking an earlier effective date, citing *Nehmer*, a class action case involving Vietnam veterans who may be entitled to benefits related to Agent Orange exposure. *See Nehmer v. U.S. Veterans' Admin.*, 712 F. Supp. 1404 (N.D. Cal. 1989). The RO denied Mr. Clegg's claim for an earlier effective date, and he appealed to the Board.

The Board denied Mr. Clegg's claim for an earlier effective date, concluding that *Nehmer* did not entitle him to an earlier effective date. The Board explained that under 38 C.F.R. § 3.816, the VA's regulation implementing the *Nehmer* decision, IHD was added to the list of disabilities presumed to be caused by in-service exposure to Agent Orange with an effective date of August 31, 2010. The Board noted that Mr. Clegg's IHD claim was, however, not submitted until October 2010, and thus fell under § 3.816(c)(4), which requires the effective date to be determined under §§ 3.114 and 3.400. The Board found that Mr. Clegg was not diagnosed with IHD until September 2017; thus, under § 3.400, an effective date prior to September 2017 was not warranted.

Mr. Clegg appealed to the Veterans Court, arguing that *Nehmer* required the VA to award him an earlier effective date and that the VA failed to consider that his symptoms existed earlier. He further argued that the Board failed to satisfy the duty to assist because the RO

---

[1] "S.A." refers to the supplemental appendix included with the government's informal brief.

should have obtained a cardiologist's medical review of his earlier symptoms. The Veterans Court upheld the Board's decision. It agreed with the Board that although Mr. Clegg is a *Nehmer* class member, he was not entitled to an earlier effective date under § 3.816(c)(1) or (c)(2) because he filed his IHD claim after the date IHD was added to the list of presumptive conditions. The Veterans Court rejected Mr. Clegg's argument that his 2006 claim and prior statements regarding several conditions, including hypertension, could reasonably be construed as informal claims for IHD benefits. The court noted that the Board found "the first mention of heart disease was in Mr. Clegg's October 2010 claim." *Decision*, 2024 WL 2880228, at *5. The Veterans Court thus affirmed the Board's decision. The court granted Mr. Clegg's motion for panel decision but ordered "that the single-judge memorandum decision remains the decision of the [Veterans] Court." S.A. 11–12.

Mr. Clegg timely appealed. Our jurisdiction over appeals from Veterans Court decisions is governed by 38 U.S.C. § 7292.

### DISCUSSION

The scope of our review in an appeal from a Veterans Court decision is limited. We may review a Veterans Court decision on a rule of law or the validity or interpretation of any statue or regulation relied on by the Veterans Court in making the decision. 38 U.S.C. § 7292(a). Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). "[W]e review the Veterans Court's legal determinations de novo." *Blubaugh v. McDonald*, 773 F.3d 1310, 1312 (Fed. Cir. 2014). We "hold unlawful and set aside any regulation or any interpretation thereof . . . that was relied upon" in the Veterans Court's decision and that we find to be "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1).

On appeal, Mr. Clegg challenges the Veterans Court's decision denying an earlier effective date for his service-connection claim. Appellant's Informal Br. 3.

Mr. Clegg's appeal, however, falls outside our limited jurisdiction over appeals from a Veterans Court decision. First, the Veterans Court's decision did not involve the validity or interpretation of any statute or regulation. Instead, the Veterans Court affirmed the Board's application of the regulatory text used to determine the effective date for *Nehmer* awards to the facts of Mr. Clegg's case. *Decision*, 2024 WL 2880228, at *4–5. Mr. Clegg argues that the Veterans Court's decision involved the validity or interpretation of a statute or regulation. Appellant's Informal Br. 1. He appears to contend that 38 C.F.R. § 21.1032 was not applied to his claims and that he underwent a medical exam in 2011 but was not awarded benefits for IHD until 2017. *Id.* Mr. Clegg's apparent argument about a medical exam that establishes his right to an earlier effective date is a factual challenge that does not fall within our jurisdiction. *See* 38 U.S.C. § 7292(d)(2). To the extent Mr. Clegg's argument is an assertion that the Veterans Court failed to apply § 21.1032, that regulation pertains to a duty to assist in claims for educational assistance and is not applicable to Mr. Clegg's disability compensation claim. Even if Mr. Clegg meant to refer to a regulation regarding the duty to assist in compensation claims, whether the VA has satisfied its duty to assist is generally a question of fact outside our jurisdiction. *See Jones v. Wilkie,* 918 F.3d 922, 925 (Fed. Cir. 2019) ("The completeness of the record presents a question of fact outside of this court's jurisdiction."); *DeLaRosa v. Peake*, 515 F.3d 1319, 1322 (Fed. Cir. 2008) ("The Board made a factual finding that a medical opinion was

not necessary to decide the claim under [the duty to assist].").

Mr. Clegg's remaining arguments regarding the purported validity or interpretation of regulations also fail. He argues that the Veterans Court failed to apply 38 C.F.R. § 3.309. Appellant's Informal Br. 1. He elaborates, regarding other issues, that had the Veterans Court applied § 3.309, his October 2010 claim would have been granted in 2011 after he underwent medical exams and exposure to Agent Orange was acknowledged. *Id.* at 2. Section 3.309 provides a list of diseases subject to presumptive service connection. *See* 38 C.F.R. § 3.309. The Veterans Court noted that the Board acknowledged "Mr. Clegg was awarded benefits for IHD on a presumptive basis based on exposure to herbicide agents in Vietnam." *Decision*, 2024 WL 2880228, at *4. Absent a constitutional issue, we do not have jurisdiction to review the Board's application of law to facts. This argument, therefore, does not raise any issue within our jurisdiction involving the validity or interpretation of any statute or regulation. To the extent that Mr. Clegg argues that *Nehmer* was misapplied to the facts of his case, we also do not have jurisdiction to review that application of law to facts. *See Singleton v. Shinseki*, 659 F.3d 1332, 1334 (Fed. Cir. 2011) ("This court may not review the Veterans Court's factual findings or its application of law to facts absent a constitutional issue.").

Second, the Veterans Court did not purport to decide any constitutional issues. Mr. Clegg's allegation of a constitutional issue does not identify any such issue but rather presents arguments about medical evidence. Specifically, he appears to argue that the VA failed to diagnose his IHD prior to 2017 but diagnosed it in 2017 although he underwent the same medical exam prior to 2017 as he did in 2017. Appellant's Informal Br. 2. Characterization of an issue "as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Flores v. Nicholson*,

476 F.3d 1379, 1382 (Fed. Cir. 2007) (quoting *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999)).

Thus, Mr. Clegg's appeal does not challenge the validity or interpretation of any statute or regulation, nor does his appeal raise any genuine constitutional issue that could form the basis for our jurisdiction. Accordingly, we dismiss.

### CONCLUSION

We have considered Mr. Clegg's remaining arguments and find them unpersuasive. For the foregoing reasons, we dismiss.

## DISMISSED

### COSTS

No costs.