﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 191226-52055
DATE: October 30, 2020

ORDER

Entitlement to an effective date prior to February 29, 2016, for the grant of service connection for renal dysfunction is denied.

Entitlement to an evaluation in excess of 60 percent for renal dysfunction is denied.

FINDINGS OF FACT

1. The Veteran filed a claim for service connection for a kidney condition secondary to diabetes mellitus, type II (DMII) in February 2008, and it was denied in November 2008; he did not appeal, and no additional evidence was received within one year of the denial.

2. The Veteran filed a supplemental claim for compensation for a loss of kidney function secondary to service connected DMII on February 4, 2016. 

3. Throughout the period on appeal, chronic renal disease has not resulted in persistent edema and albuminuria with blood urea nitrogen (BUN) of 40 to 80 milligrams (mg), creatinine of 4 to 8 mg, or generalized poor health characterized by lethargy, weakness, anorexia, weight loss, or limitation of exertion.

CONCLUSIONS OF LAW

1. The November 2008 rating decision that denied service connection for a kidney condition is final. 38 U.S.C. § § 7105(c); 38 C.F.R. §§ 3.104, 3.156, 20.302, 20.1103.

2. The criteria for an effective date earlier than February 29, 2016, for the award of service connection for renal dysfunction have not been met. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.400.

3. The criteria for a rating in excess of 60 percent for chronic kidney disease have not been met. 38 U.S.C. §§ 1155, 5103, 5103A, 5107; 38 C.F.R. §§ 4.21, 4.115a, 4.115b, Diagnostic Code 7541.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from September 12, to December 16, 1983 and from May 2004 to May 2005.

The Board notes that the Veteran has been rated at 100 percent for his service-connected disabilities effective November 1, 2008, and was granted individual unemployability from March 9, 2008. 

In a May 2016 decision, the RO denied service connection for a kidney condition secondary to DMII, and the Veteran submitted a notice of disagreement with that decision on January 5, 2017. The RO granted service connection for a kidney condition (also claimed as loss of kidney function) secondary to the service-connected disability of diabetes mellitus on February 8, 2017, effective February 29, 2016. The Veteran filed a notice of disagreement on March 8, 2017, disagreeing with the effective date and the initial evaluation. Following the issuance of the November 2019 Statement of the Case, the Veteran elected a Direct Review, which is based upon the evidence of record at the time of the prior decision. 

1. Entitlement to an effective date prior to February 29, 2016, for the grant of service connection for renal dysfunction

The Veteran contends that he is entitled to an earlier effective date for his renal dysfunction because he reported a reduction in kidney function since 2008. The Veteran relied upon the November 2016 private medical opinion of Dr. H. to support this contention. The November 2016 private medical opinion of Dr. H. opined that the Veteran had been experiencing decreased kidney function since at least 2008. 

Unless specifically provided otherwise, the effective date of an award of compensation shall be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110 (a); 38 C.F.R. § 3.400 (b)(2). There is no provision in the law for awarding an earlier effective date based simply on the presence of the disability, and the mere presence of medical evidence of a condition does not establish intent on the part of the Veteran to seek service connection. Brannon v. West, 12 Vet. App. 32, 35 (1998).

An effective date for a reopened claim of entitlement to service connection can be no earlier than the date the request to reopen the claim was filed. See 38 U.S.C. § 5110 (a); 38 C.F.R. § 3.400 (q)(1)(ii); see also Jones v. Shinseki, 619 F.3d 1368, 1371 (Fed. Cir. 2010) (noting for an award based on a claim reopened after a final adjudication, the effective date is typically the date that the request to reopen was filed).

Effective March 24, 2015, VA amended its regulations to require that all claims governed by VA’s adjudication regulations be filed on a standard form. The amendments also, inter alia, eliminate the constructive receipt of VA reports of hospitalization or examination and other medical records as informal claims to reopen. See 38 C.F.R. §§ 3.151, 3.155, 3.157. The amended regulations, however, apply only to claims filed on or after March 24, 2015.

The Veteran filed a claim for service connection for bladder cancer in February 2008. VA denied this claim in a November 2008 rating decision, along with several other claims, and was notified of the decision in a November 7, 2008, letter.

The Veteran filed a VA Form 9, received by VA on April 2, 2009. The Veteran listed the issues he wanted to appeal the initial evaluation for DMII and the request an earlier effective date for DMII. 

The Board concludes that the February 2008 rating decision became final as to the renal dysfunction claim. The Veteran did not appeal, instead limiting his appeal other claims decided in that decision. Additional evidence was associated with the record in the year following the February 2008 notice. Given the presence of other appealed claims, the Veteran’s explicit association of the evidence to those appealed claims in his appeal, and the RO’s development of evidence for those appealed claims, the additional evidence was not “received” in connection with the loss of kidney function issue. See Turner v. Shulkin, 29 Vet. App. 207, 214 (2018) (“‘[R]eceived’ means something different from ‘submitted,’ yet must be more than merely ‘associated’ with a claims file.”). In addition, VA has not received or associated with the claims file any relevant official service department records that existed and had not been associated with the claims file. Therefore, the decision became final and that finality has not been vitiated. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.104, 3.156(b) and (c), 20.302, 20.1103.

The next communication of relevance is a VA Form 21-526b, Supplemental Claim for Compensation, received by VA on February 29, 2016. The Veteran specified that he was filing a claim of service connection for loss of kidney function secondary to service connected DMII. The Veteran’s claim for service connection for loss of kidney function was granted in the February 2017 rating decision based on receipt of a November 2016 opinion attributing his kidney dysfunction to his service-connected diabetes mellitus type II. The RO assigned an effective date of February 29, 2016, the date VA received the supplemental claim.

Between February 2008 and February 29, 2016, there is no communication that may serve as an informal or formal claim for benefits for loss of kidney function. The Veteran submitted numerous documents, arguments, and evidence related to the Veteran’s other claims. The documents do not allude to the existence of kidney disease, and, specifically indicate there is no history or evidence of kidney disease or dysfunction. The Veteran’s representative submitted a statement from Dr. H. alleging the Veteran has experienced loss of kidney function since 2008 but did not provide any accompanying evidence to substantiate that statement. The Board observes that the Veteran’s only diagnosis or evidence of kidney dysfunction during the entire period prior to the February 2017 rating decision was the November 2016 statement by Dr. H. There being no reasonable doubt to resolve in the Veteran’s favor, the appeal must be denied as without legal merit.

2. Entitlement to an initial evaluation in excess of 60 percent for renal dysfunction

The Veteran’s kidney disease is rated under Diagnostic Code 7541, which follows the rating for renal dysfunction under 38 C.F.R. § 4.11a. 38 C.F.R. § 4.11b. Under this code, renal dysfunction with albumin and casts with a history of acute nephritis warrants a noncompensable evaluation. Renal dysfunction with albumin constant or recurring with hyaline and granular casts or red blood cells warrants a 30 percent evaluation. Renal dysfunction with constant albuminuria with some edema or definite decrease in kidney function warrants a 60 percent evaluation.

Renal dysfunction with persistent edema and albuminuria with BUN (blood-urea-nitrogen) of 40 to 80 milligrams percent; or, creatinine 4 to 8 milligrams percent; or, generalized poor health characterized by lethargy, weakness, anorexia, weight loss, or limitation or exertion, warrants an 80 percent evaluation. Renal dysfunction requiring regular dialysis, or precluding more than sedentary activity from one of the following: persistent edema and albuminuria; or, BUN (blood-urea-nitrogen) more than 80 milligrams percent; or, creatinine more than 8 milligrams percent; or, markedly decreased function of kidney or other organ systems, especially cardiovascular, warrants a 100 percent evaluation. In order to warrant a higher rating, the evidence must show: persistent edema and albuminuria with BUN 40 to 80 mg%; or, creatinine 4 to 8 mg%; or, generalized poor health characterized by lethargy, weakness, anorexia, weight loss, or limitation of exertion.

Turning to the medical evidence, the November 2016 statement of Dr. H. indicated the Veteran has had a steady decline of renal function and impaired renal function based on a BUN of 26 and a creatinine of 1.4. 

Treatment notes from May 2019 and August 2019 indicated slight renal impairment. An examination from August 2019 reported that the Veteran’s electrolytes and kidney function are normal and indicated the Veteran’s kidney function had improved. 

Diagnostic and clinical tests showed recent improvement. In October 2015, the Veteran had an elevated BUN of 26 mg/dL (reference range 7- 20.6 mg/dL) and elevated creatinine of 1.4 mg/dL (reference range 0.7 – 1.3 mg/dL). In February 2019, the Veteran had a BUN of 22 (reference range 7- 20.6 mg/dL), creatinine of 1.4 (reference range 0.7 – 1.3 mg/dL)., and an eGFR of 53 (eference: >60 mL/min). In May 2019, the Veteran had a BUN of 27, creatinine of 1.3, and an eGFR of 57. In August 2019, the Veteran had a BUN of 24, a creatinine of 1.2, and an eGFR greater than 60. 

The Veteran did not have edema, anorexia, weight loss, generalized poor health, lethargy, weakness, limitation of exertion, or markedly decreased function of other organ systems. 

During the period on appeal, there are no test results which reveal BUN levels between 40 and 80mg%. As discussed above, the Veteran’s BUN never exceeded 27 mg/dL, and the creatinine never exceeded 1.4 mg/dL. 

Accordingly, the weight of the evidence is against an evaluation in excess of 60 percent, the benefit of the doubt rule is not applicable, and the appeal is denied. 

 

 

L. M. BARNARD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M.D. Taylor, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.